| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Adam J. Telanoff (csb 159761)<br>Telanoff & Telanoff<br>11945 W. Washington Blvd.<br>Los Angeles, CA   90066<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Sofen Enterprises, Inc. | **FILED**<br>JUL 07 2010<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>JAMES E. KREBASBACH<br><br><br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:10-BK-21498  *AA*<br><br>DATE:   7/28/10<br>TIME:   11:00 am<br>CTRM:  1375<br>FLOOR: 13 |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: SOFEN ENTERPRISES, INC.                              )
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☒ 255 East Temple Street, Los Angeles     ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
      ☐ at the hearing     ☐ at least _____ court days before the hearing.
      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
      (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of* IR

F 4001-1M.RP

| In re<br>JAMES E. KREBASBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 7/6/10

TELANOFF & TELANOFF
*Print Law Firm Name (if applicable)*

ADAM J. TELANOFF
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 3 of IR    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | Debtor(s). | CASE NO.: 2:10-BK-21498 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(MOVANT: SOFEN ENTERPRISES, INC.                              )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   Street Address: VACANT LAND, APN 5867-009-042
   Apartment/Suite No.:
   City, State, Zip Code: LA CRESCENTA, CA

   Legal description or document recording number (including county of recording):
   See Continuation Page Exhibit "A-1" (Los Angeles County)
   [X] See attached continuation page.

2. **Case History:**
   a. [X] A voluntary  [ ] An involuntary    petition under Chapter  [ ] 7  [ ] 11  [ ] 12  [X] 13
      was filed on (specify date): 3/26/10
   b. [X] An Order of Conversion to Chapter  [X] 7  [ ] 11  [ ] 12  [ ] 13
      was entered on (specify date): 6/16/10
   c. [ ] Plan was confirmed on (specify date):
   d. [X] Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. [X] Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) [X] Movant's interest in the Property is not adequately protected.
         (a) [X] Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) [X] The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) [X] No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) [ ] Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) [ ] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) [ ] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) [ ] Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) [ ] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) [ ] Other (See attached continuation page).

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                       **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 4 of* IR     **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | Debtor(s). | CASE NO.: 2:10-BK-21498 |

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit B.

    d. ☐ Other evidence *(specify)*:

6. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - *Page 5 of* IR       **F 4001-1M.RP**

| In re<br>JAMES E. KREBASBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 7/6/10

Respectfully submitted,

SOFEN ENTERPRISES, INC.
*Movant Name*

TELANOFF & TELANOFF
*Firm Name of Attorney for Movant (if applicable)*

By: *[signature]*
*Signature*

Name:   ADAM J. TELANOFF
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* IR    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | Debtor(s). | CASE NO.: 2:10-BK-21498 |

## REAL PROPERTY DECLARATION
### (MOVANT: SOFEN ENTERPRISES, INC.  )

I, IRVING SOFEN                                          , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Movant as *(state title and capacity)*: PRESIDENT

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   Street Address: VACANT LAND, APN 5867-009-042
   Apartment/Suite No.:
   City, State, Zip Code: LA CRESCENTA, CA

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit A        .

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ☐ Debtor's(s') principal residence    b. ☐ Other single family residence
   c. ☐ Multi-unit residential              d. ☐ Commercial
   e. ☐ Industrial                          f. ☒ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 7 of IR

**F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | | |
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

5. Nature of Debtor's(s') interest in the Property:
   a. [x] Sole owner
   b. [ ] Co-owner(s) (specify):
   c. [ ] Lien holder (specify):
   d. [ ] Other (specify):
   e. [x] Debtor(s)  [x] did  [ ] did not  list the Property in the Schedules filed in this case.
   f. [ ] Debtor(s) acquired the interest in the Property by  [ ] grant deed  [ ] quitclaim deed  [ ] trust deed
      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 56,338.31 | $ | $ 56,338.31 |
| b. | Accrued Interest: | $ 3,853.03 | $ 3,148.77 | $ 7,001.80 |
| c. | Late Charges: | $ 0.00 | $ | $ 0.00 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 7,818.54 | $ 2,000.00 | $ 9,818.54 |
| f. | Advances (Property Taxes, Insurance): | $ 0.00 | $ | $ 0.00 |
| g. | TOTAL CLAIM as of 7/6/10 : | $ 68,009.88 | $ 5,148.77 | $ 73,158.65 |

   h. [x] Loan is all due and payable because it matured on (specify date): 11/1/09

7. Movant holds a  [x] deed of trust  [ ] judgment lien  [ ] other (specify)
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit C  .
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit D  .
   c. [ ] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit  .

8. Status of Movant's claim relating to the Property (fill in all applicable information requested below):

   a. Current interest rate: 20%
   b. Contractual maturity date: 11/1/09
   c. Amount of current monthly payment: $ N/A
   d. Number of PREPETITION payments that have come due and were not made: 1  . Total amount: $ 56,338.31
   e. Number of POSTPETITION payments that have come due and were not made: 0  . Total amount: $ 0.00
   f. Date of POSTPETITION default: N/A
   g. Last payment received on the following date: 11/2/09
   h. Notice of default recorded on the following date: 6/8/09
   i. Notice of sale recorded on the following date: 3/9/10
   j. Foreclosure sale originally scheduled for the following date: 3/29/10
   k. Foreclosure sale currently scheduled for the following date: 8/2/10
   l. Foreclosure sale already held on the following date: N/A
   m. Trustee's deed on sale already recorded on the following date: N/A
   n. Future payments due by time of anticipated hearing date (if applicable): N/A
      An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit E  is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* IR    **F 4001-1M.RP**

| In re<br>JAMES E. KREBASBACH | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-BK-21498 |
|---|---|---|

10. ☒ *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $ 57,152.43 _____, established by:

   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

   c. ☒ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit B_____.

   d. ☐ Other *(specify):*

11. ☒ The fair market value of the Property is declining based on/due to: General market trend

12. ☒ **Calculation of equity in Property:**

   a. Based upon ☐ preliminary title report ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | Sofen Enterprises, Inc. | $57,152.43 | $73,158.65 |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:** $ | | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:

      ☐ Preliminary title report

      ☒ Relevant portions of Debtor's(s') Schedules as filed in this case

      ☐ Other *(specify):*

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ -16,006.22 _____ (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ -16,006.22 _____ (§ 362(d)(1)).

   e. Estimated costs of sale: $_____ (Estimate based upon _____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable):*

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | |
|---|---|---|
| *(Number of)* _____ payment(s) due at $_____ each = | $_____ |
| *(Number of)* _____ payment(s) due at $_____ each = | $_____ |
| *(Number of)* _____ late charge(s) at $_____ each = | $_____ |
| *(Number of)* _____ late charge(s) at $_____ each = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of* ____   F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

c. Postpetition/preconfirmation advances or other charges due but unpaid:   $ _____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $ _____

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

(Number of) _____ payment(s) due at $ _____ each = $ _____
(Number of) _____ payment(s) due at $ _____ each = $ _____
(Number of) _____ late charge(s) at $ _____ each = $ _____
(Number of) _____ late charge(s) at $ _____ each = $ _____

e. Postconfirmation advances or other charges due but unpaid:   $ _____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**   $ _____

f. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17. ☒ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☒ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
   1. Case Name: Krebsbach, James E.
      Case Number: 2:01bk17837         Chapter: 13
      Date Filed: 3/19/01              Date Dismissed: 12/1/03         Date Discharged:
      Relief from stay re this property   ☐ was   ☒ was not granted.
   2. Case Name: Krebsbach, James E.
      Case Number: 2:09bk44433         Chapter: 13
      Date Filed: 12/7/09              Date Dismissed: 1/25/10         Date Discharged:
      Relief from stay re this property   ☐ was   ☒ was not granted.
   3. ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 10 of* IR       **F 4001-1M.RP**

| In re<br>JAMES E. KREBASBACH | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| | | Debtor(s). | CASE NO.: 2:10-BK-21498 |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on JULY 6 , 2010 , at TARZANA                                  (city, state).

IRVING SOFEN                                                            *[signature]*
*Print Declarant's Name*                                              *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

December 2009                                                                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of* IR    **F 4001-1M.RP**

| In re<br>JAMES E. KREBASBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** JULY 6 , 2010 , at TARZANA *(city, state)*.


IRVING SOFEN
*Print Declarant's Name*                           *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

Guarantee No. 20900482

**EXHIBIT "A"**

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THOSE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 THROUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE 17 MINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45 43 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51 SECONDS WEST 50 38 FEET,

THENCE NORTH 23 DEGREE 45 MINUTE 00 SECONDS WEST 93 00 FEET; THENCE SOUTH 79 DEGREE 37 MINUTE 35 SECONDS WEST 53 46 FEET TO THE EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND SOUTHEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS 20 AND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21, THENCE NORTH 30 DEGREE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21 58 10 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING IS A LEGAL DESCRIPTION OF A 10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER THAT PORTION OF LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 - 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID TRACT MAP, SAID POINT BEING 80 50' MEASURED ALONG SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER OF SAID LOT 20, A RADIAL LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37 SECONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57 40 FEET SAID LAND LOT LINE ADJUSTMENT NUMBER LLA 101, 381 RECORDED FEBRUARY 1, 1996 AS INSTRUMENT NO 96-184486 OF OFFICIAL RECORDS

EXHIBIT A

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                                               Case No. **2:10-bk-21498**
**Krebsbach, James E.**                                                              Chapter **13**
                        Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 757,152.43 | | |
| B - Personal Property | Yes | 3 | $ 15,785.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 1,382,298.43 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 19,434.25 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $ 140,664.45 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 8,299.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 5,642.66 |
| | TOTAL | 19 | $ 772,937.43 | $ 1,542,397.13 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT B

B6A (Official Form 6A) (12/07)

IN RE Krebsbach, James E.
_____
Debtor(s)

Case No. **2:10-bk-21498**
(If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| residence at 5443 Pine Cone Road, La Crescenta, CA 94607 | | | 700,000.00 | 1,199,213.40 |
| Vacant lot in La Cresenta, CA 91331 ( APN 5867-009-042) | | | 57,152.43 | 57,152.43 |
| | | **TOTAL** | **757,152.43** | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07) - Cont.

IN RE **Krebsbach, James E.** _____  Case No. **2:10-bk-21498**
                    Debtor(s)                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4251** <br> **Specialized Loan Servicing, LLC** <br> **8742 Lucent Blvd, Suite 300** <br> **Highlands Ranch, CO 80129** | | | **First Mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214** <br><br> VALUE $ **700,000.00** | | | | 1,119,755.40 | 580,244.60 |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no. **1** of **1** continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page) $ 1,119,755.40 | $ 580,244.60

Total (Use only on last page) $ 1,382,298.43 | $ 767,805.20

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07)

IN RE Krebsbach, James E. _____ Case No. **2:10-bk-21498** _____
Debtor(s)                                                                                          (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3995<br>Citi Financial<br>300 Saint Paul Place<br>Baltimore, MD 21202 | | H | loan secured by 2003 Dodge 1500 auto<br><br>VALUE $ 16,830.00 | | | | 16,830.00 | |
| ACCOUNT NO. 1133<br>Franklin Credit Management<br>101 Hudson Street<br>Jersey City, NJ 07302 | | | second mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214<br>opened: 5/1/2007<br><br>VALUE $ 700,000.00 | | | | 79,458.00 | 79,458.00 |
| ACCOUNT NO. xxxx<br>Pacific Monark Resort<br>23091 Mill Creek Drive<br>Laguna Hills, CA 92653 | | | Purchase of a time share resort interest opened 6/1/2000<br><br>VALUE $ 1,000.00 | | | | 109,102.60 | 108,102.60 |
| ACCOUNT NO.<br>Sofen Enterprises, Inc.<br>4491 Gayle Drive<br>Tarzana, CA 91356-5017 | | | mortgage on a vacant lot in La Crescenta, CA<br><br>VALUE $ 57,152.43 | | | | 57,152.43 | |

_1_ continuation sheets attached

Subtotal (Total of this page)  $ **262,543.03**   $ **187,560.60**

Total (Use only on last page)  $    $

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)



2

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME  JAMES E. KREBSBARF
MAILING  5443 PINE CONE RD
CITY, STATE ZIP CODE  LA CRESCENTA, CA 91214

10/27/08



20081904856

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FINANCING STATEMENT