| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number: | FOR COURT USE ONLY |
|---|---|
| Adam J. Telanoff (csb 159761)<br>Telanoff & Telanoff<br>11945 W. Washington Blvd.<br>Los Angeles, CA 90066<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Sofen Enterprises, Inc. | **FILED**<br>SEP 29 2010<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>JAMES E. KREBSBACH<br><br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:10-BK-21498 AA<br><br>DATE: 10/20/10<br>TIME: 11:00 am<br>CTRM: 1375<br>FLOOR: 13 |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: <u>SOFEN ENTERPRISES, INC.</u> )
### (Real Property)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**   ☒ **255 East Temple Street, Los Angeles**      ☐ **411 West Fourth Street, Santa Ana**
    ☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**
    ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

    ☐ at the hearing    ☐ at least _____ court days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

    (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of* 18___   **F 4001-1M.RP**

| In re                (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| JAMES E. KREBSBACH | |
| Debtor(s). | CASE NO.: 2:10-BK-21498 AA |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 9/29/10

Telanoff & Telanoff
*Print Law Firm Name (if applicable)*

Adam J. Telanoff
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                   **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of IR*     **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | | |
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT:  SOFEN ENTERPRISES, INC. _____ )

1.  **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:* VACANT LAND, APN 5867-009-042
    *Apartment/Suite No.:*
    *City, State, Zip Code:* LA CRESCENTA, CA

    Legal description or document recording number (including county of recording):
    See Continuation Page Exhibit "A-1" (Los Angeles County)
    ☒  See attached continuation page.

2.  **Case History:**

    a.  ☒  A voluntary  ☐ An involuntary   petition under Chapter    ☐ 7  ☐ 11  ☐ 12  ☒ 13
        was filed on *(specify date):* 3/26/10

    b.  ☒  An Order of Conversion to Chapter    ☒ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date):* 6/16/10

    c.  ☐  Plan was confirmed on *(specify date):*

    d.  ☒  Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3.  **Grounds for Relief from Stay:**

    a.  ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1)  ☒  Movant's interest in the Property is not adequately protected.

            (a)  ☒  Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b)  ☒  The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c)  ☒  No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

            (d)  ☐  Payments have not been made as required by an Adequate Protection Order previously granted in this case.

        (2)  ☐  The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

            (a)  ☐  Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

            (b)  ☐  Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c)  ☐  The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

            (d)  ☐  Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*     **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 4 of* IR          **F 4001-1M.RP**

| | | |
|---|---|---|
| In re   (SHORT TITLE) <br> JAMES E. KREBASBACH | CHAPTER: 7 | |
| Debtor(s). | CASE NO.: 2:10-BK-21498 | |

> (3) ☐ *(Chapter 12 or 13 cases only)*
>> (a) ☐  Postconfirmation plan payments have not been made to the Standing Trustee.
>> (b) ☐  Postconfirmation payments required by the confirmed plan have not been made to Movant.
>
> (4) ☐  For other cause for relief from stay, see attached continuation page.

b. ☒  Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☒  Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒  Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
> (1) ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
> (2) ☒  Multiple bankruptcy filings affecting the Property.

4. ☐  Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
> a. ☒  Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
> b. ☐  Other Declaration(s) are also attached in support of this Motion.
> c. ☒  Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit  B   .
> d. ☐  Other evidence *(specify):*

6. ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested):*

1.  Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐  Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒  Additional provisions requested:
> a. ☒  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
> b. ☒  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
> c. ☐  That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of* IR    **F 4001-1M.RP**

| In re (SHORT TITLE) JAMES E. KREBASBACH | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 2:10-BK-21498 |

d.  ☐  For other relief requested, see attached continuation page.

4.  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 7/6/10

Respectfully submitted,

SOFEN ENTERPRISES, INC.
*Movant Name*

TELANOFF & TELANOFF
*Firm Name of Attorney for Movant (if applicable)*

By:
*Signature*

Name:    ADAM J. TELANOFF
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* IR

**F 4001-1M.RP**

| In re                           (SHORT TITLE)    | CHAPTER: 7 |
|---|---|
| JAMES E. KREBASBACH | |
| Debtor(s). | CASE NO.: 2:10-BK-21498 |

## REAL PROPERTY DECLARATION
### (MOVANT:  SOFEN ENTERPRISES, INC.               )

I,  IRVING SOFEN _____ , declare as follows:
         *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Movant as *(state title and capacity)*: PRESIDENT

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a.  The address of the Property that is the subject of this Motion is:

      Street Address:  VACANT LAND, APN 5867-009-042
      Apartment/Suite No.:
      City, State, Zip Code: LA CRESCENTA, CA

   b.  The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit  A .

      ☒ See attached page.

4. Type of property *(check all applicable boxes)*:
   a.  ☐ Debtor's(s') principal residence    b.  ☐ Other single family residence
   c.  ☐ Multi-unit residential              d.  ☐ Commercial
   e.  ☐ Industrial                          f.  ☒ Vacant land
   g.  ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of* IR

**F 4001-1M.RP**

| In re JAMES E. KREBASBACH (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 2:10-BK-21498 |

5. Nature of Debtor(s(')) interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) *(specify)*:

   c. ☐ Lien holder *(specify)*:

   d. ☐ Other *(specify)*:

   e. ☒ Debtor(s) ☒ did ☐ did not list the Property in the Schedules filed in this case.

   f. ☐ Debtor(s) acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 56,338.31 | $ | $ 56,338.31 |
| b. | Accrued Interest: | $ 3,853.03 | $ 3,148.77 | $ 7,001.80 |
| c. | Late Charges | $ 0.00 | | $ 0.00 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 7,818.54 | $ | $ 9,818.54 |
| e. | Advances (Property Taxes, Insurance): | $ 0.00 | $ 2,000.00 | $ 0.00 |
| g. | TOTAL CLAIM as of 7/6/10 | $ 68,009.88 | $ 5,148.77 | $ 73,158.65 |

   h. ☒ Loan is all due and payable because it matured on *(specify date)*: 11/1/09

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)* that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit C .

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit D .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate: 20%

   b. Contractual maturity date: 11/1/09

   c. Amount of current monthly payment: $ N/A

   d. Number of PREPETITION payments that have come due and were not made: 1 . Total amount: $ 56,338.31

   e. Number of POSTPETITION payments that have come due and were not made: 0 . Total amount: $ 0.00

   f. Date of POSTPETITION default: N/A

   g. Last payment received on the following date: 11/2/09

   h. Notice of default recorded on the following date: 6/8/09

   i. Notice of sale recorded on the following date: 3/9/10

   j. Foreclosure sale originally scheduled for the following date: 3/29/10

   k. Foreclosure sale currently scheduled for the following date: 8/2/10

   l. Foreclosure sale already held on the following date: N/A

   m. Trustee's deed on sale already recorded on the following date: N/A

   n. Future payments due by time of anticipated hearing date *(if applicable)*: N/A

      An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit E is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* IR   **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBASBACH | Debtor(s). | CASE NO.: 2:10-BK-21498 |

10. ☒ *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $57,152.43_____, established by:

   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

   c. ☒ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit B_____.

   d. ☐ Other *(specify):*

11. ☒ The fair market value of the Property is declining based on/due to: General market trend

12. ☒ **Calculation of equity in Property:**

   a. Based upon ☐ preliminary title report   ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | Sofen Enterprises, Inc. | $57,152.43 | $73,158.65 |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:** $ | | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:

     ☐ Preliminary title report

     ☒ Relevant portions of Debtor's(s') Schedules as filed in this case

     ☐ Other *(specify):*

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ -16,006.22_____ (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $-16,006.22 _____ (§ 362(d)(1)).

   e. Estimated costs of sale: $_____ (Estimate based upon _____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
     Confirmation hearing currently scheduled for (or concluded on) the following date:
     Plan confirmed on the following date *(if applicable):*

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | | |
|---|---|---|---|---|---|
| (Number of) _____ | payment(s) due at $_____ | each | = | $_____ |
| (Number of) _____ | payment(s) due at $_____ | each | = | $_____ |
| (Number of) _____ | late charge(s) at $_____ | each | = | $_____ |
| (Number of) _____ | late charge(s) at $_____ | each | = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*   **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of* ____          **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

c.  Postpetition/preconfirmation advances or other charges due but unpaid:     $_____
    (See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:  $_____**

d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each  =  $_____
*(Number of)* _____ payment(s) due at $_____ each  =  $_____
*(Number of)* _____ late charge(s) at  $_____ each  =  $_____
*(Number of)* _____ late charge(s) at  $_____ each  =  $_____

e.  Postconfirmation advances or other charges due but unpaid:                   $_____
    (See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:                  $_____**

f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐  The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  ☐  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☒  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b.  ☒  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
    1.  Case Name: Krebsbach, James E.
        Case Number: 2:01bk17837      Chapter: 13
        Date Filed: 3/19/01      Date Dismissed: 12/1/03          Date Discharged:
        Relief from stay re this property    ☐ was    ☒ was not  granted.
    2.  Case Name: Krebsbach, James E.
        Case Number: 2:09bk44433      Chapter: 13
        Date Filed: 12/7/09      Date Dismissed: 1/25/10          Date Discharged:
        Relief from stay re this property    ☐ was    ☒ was not  granted.
    3.  ☐  See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of* IR     **F 4001-1M.RP**

| In re JAMES E. KREBASSBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

18. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on  JULY 8           ,  2010 , at  TARZANA                          *(city, state)*.


IRVING SOFEN
*Print Declarant's Name*                                          *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                              **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of* IR          **F 4001-1M.RP**

| In re JAMES E. KREBASBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-BK-21498 |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** JULY 6 _____, 2010 , at TARZANA _____ *(city, state).*

IRVING SOFEN _____          _____
*Print Declarant's Name*                              *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-1M.RP**

Guarantee No. 20900482

## EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

THOSE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 THROUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE 17 MINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45 43 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51 SECONDS WEST 50 38 FEET,

THENCE NORTH 23 DEGREE 45 MINUTE 00 SECONDS WEST 93 00 FEET; THENCE SOUTH 79 DEGREE 37 MINUTE 35 SECONDS WEST 53 46 FEET TO THE EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND SOUTHEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS 20 AND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21, THENCE NORTH 30 DEGREE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21 58 10 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING IS A LEGAL DESCRIPTION OF A 10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER THAT PORTION OF LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 - 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID TRACT MAP, SAID POINT BEING 80 50' MEASURED ALONG SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER OF SAID LOT 20, A RADIAL LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37 SECONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57 40 FEET SAID LAND LOT LINE ADJUSTMENT NUMBER LLA 101, 381 RECORDED FEBRUARY 1, 1996 AS INSTRUMENT NO 96-184486 OF OFFICIAL RECORDS

EXHIBIT A

B6 Summary (Form 6 - Summary) (12/07)

## United States Bankruptcy Court
## Central District of California

IN RE:                                                    Case No. **2:10-bk-21498**

Krebsbach, James E.                                       Chapter **13**
                          Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER | |
|---|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 757,152.43 | | | |
| B - Personal Property | Yes | 3 | $ 15,785.00 | | | |
| C - Property Claimed as Exempt | Yes | 1 | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 1,382,298.43 | | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 19,434.25 | | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $ 140,664.45 | | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | | |
| H - Codebtors | Yes | 1 | | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ | 8,299.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ | 5,642.66 |
| TOTAL | | 19 | $ 772,937.43 | $ 1,542,397.13 | | |

© 1993-2010 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

EXHIBIT_B_

B6A (Official Form 6A) (12/07)

IN RE Krebsbach, James E. _____    Case No. 2:10-bk-21498
_____                               _____
         Debtor(s)                                        (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| residence at 5443 Pine Cone Road, La Crescenta, CA 94607 | | | 700,000.00 | 1,199,213.40 |
| Vacant lot in La Cresenta, CA 91331 ( APN 5867-009-042) | | | 57,152.43 | 57,152.43 |
| | | TOTAL | 757,152.43 | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07) - Cont.

IN RE Krebsbach, James E. _____   Case No. 2:10-bk-21498
                         Debtor(s)                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4251<br><br>Specialized Loan Servicing, LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, CO  80129 | | | First Mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214<br><br><br>VALUE $ 700,000.00 | | | | 1,119,755.40 | 580,244.60 |
| ACCOUNT NO. | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br>VALUE $ | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page)   $ 1,119,755.40   $ 580,244.60

Total (Use only on last page)   $ 1,382,298.43   $ 797,805.20

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE Krebsbach, James E.                                          Case No. 2:10-bk-21498
_____                                         _____
Debtor(s)                                                                (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3995 | | H | loan secured by 2003 Dodge 1500 auto | | | | 16,830.00 | |
| Citi Financial 300 Saint Paul Place Baltimore, MD 21202 | | | VALUE $ 16,830.00 | | | | | |
| ACCOUNT NO. 1133 | | | second mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214 opened: 5/1/2007 | | | | 79,458.00 | 79,458.00 |
| Franklin Credit Management 101 Hudson Street Jersey City, NJ 07302 | | | VALUE $ 700,000.00 | | | | | |
| ACCOUNT NO. XXXX | | | Purchase of a time share resort interest opened 6/1/2000 | | | | 109,102.60 | 108,102.60 |
| Pacific Monark Resort 23091 Mill Creek Drive Laguna Hills, CA 92653 | | | VALUE $ 1,000.00 | | | | | |
| ACCOUNT NO. | | | mortgage on a vacant lot in La Crescenta, CA | | | | 57,152.43 | |
| Sofen Enterprises, Inc. 4491 Gayle Drive Tarzana, CA 91356-5017 | | | VALUE $ 57,152.43 | | | | | |

1 continuation sheets attached

Subtotal (Total of this page) $ 262,543.03   $ 187,560.60

Total (Use only on last page) $          $



**This page is part of your document - DO NOT DISCARD**

## 20081904856

| Pages | 0023 |
|---|---|

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/27/08 AT 10 27AM**

| Fees | $107 00 |
|---|---|
| Taxes | $0 00 |
| Other | $69 00 |
| Paid | $176 00 |

0002403117      200810270670012                      Counter

**TITLE(S) :**

L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.        **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT  C

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME *James E. Krebsbarg*

MAILING *5443 Pine Cone Rd*

CITY, STATE
ZIP CODE *La Crescenta, CA*
*91214*

10/27/08

20081904856

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

*Deed of Trust, Security Agreement, Assignment of Leases and Rents and Financing Statement*

*Part 2 of 2*

*3*

*10-21498AA*

Recording Requested by

WHEN RECORDED, RETURN TO

American Mutual Mortgage
P O BOX 8622
Calabasas, Ca 91372

*Above Space for Recorder s Use*

# DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT

THIS DOCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH SECTION 9402 OF THE CALIFORNIA COMMERCIAL CODE (THE "California Commercial Code")
This is a counterpart of two deeds of trust recording securing one loan

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT ("Deed of Trust"), made effective as of OCTOBER 21, 2008 by JAMES E. KREBSBACH AN UNMARRIED MAN ("Trustor"), whose address is 5443 Pine Cone Rd , La   Crescenta,   CA 91214, (the State of California is hereinafter sometimes referred to as the "State"), TO AND IN FAVOR OF Reliable Trust Deed Services, A California Corporation located at 19510 Ventura Blvd Suite 214. Tarzana, CA 91356 ("Trustee"), SOFEN ENTERPRISES INC., A CALIFORNIA CORPORATION (collectively, the "Beneficiary"), whose address is c/o American Mutual Mortgage, P O BOX 8622, Calabasas, Ca 91372

W I T N E S S E T H : To secure the payment of a debt described below (the "Debt"), Trustor hereby grants, bargains, conveys, transfers, and assigns to Trustee, in trust. WITH POWER OF SALE, all of the real property described in EXHIBIT "A-1" attached hereto (the "Premises") and the buildings, structures, additions. enlargements, lot line adjustment additions, extensions, modifications, repairs and improvements now or hereafter located thereon (the "Improvements"),

TOGETHER WITH   All right, title, interest and estate of Trustor now owned or hereafter acquired in the following property, rights, interests, and estates (collectively called the "Trust Property")

(a) All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water rights and powers, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any nature, in any way belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remainders, and all land laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rights of courtesy, property, possession, claim and demand, both in law and in equity, of Trustor in the Premises and every part thereof and all appurtenances thereto.

(b) All machinery, furniture, equipment, fixtures. material, appliances and other articles of personal property of every kind owned by Trustor, or in which Trustor has an interest, located upon the Premises, and appurtenances thereto, and usable for the generation and distribution of air. water, heat, electricity, light, fuel or refrigeration, or for ventilating or air conditioning purposes, or for sanitary or drainage purposes, or for the exclusion of vermin or insects, or for removal of dust, refuse or garbage, and such machinery, furniture, equipment, fixtures and other articles of personal property

- 1 -

First Trust Deed
Parcel #2 – Counterpart Deed of Trust
JAMES E KREBSBACH
VACANT LAND, LA CRESCENTA  CA
APN 5862 009-012

Initial

which consist of all appliances, awnings, window shades, drapery rods, brackets, screens, floor coverings, incinerators and carpeting used in the operation of the Premises and Improvements (and all other personal property, either similar or dissimilar to the foregoing usable in the operation of the Premises and Improvements and located in and on it), together with all replacements and substitutions therefor, now owned or hereafter acquired by Trustor and located in or on said Premises and Improvements, together with all materials intended for construction, reconstruction, alteration, and repair of the Improvements (hereinafter collectively called the "Equipment"), together with all condemnation awards and rights under insurance policies and Leases described below pertaining to said Premises or the Improvements now or hereafter located thereon,

(c)   All awards or payments, including interest, which may be made as to the Trust Property, whether from the exercise of the right of eminent domain, constructive taking or for any other injury to or decrease in the value of the Trust Property (collectively, "Awards"),

(d)   All leases and other agreements affecting the use, enjoyment or occupancy of the Trust Property, (the "Leases"), if any, and all rents and security deposits payable under the Leases, and other deposits, issues and profits from the Trust Property (the "Rents"),

(e)   All Policies (as defined herein) and their proceeds thereof and any unearned premiums on any insurance policies covering the Trust Property, including, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property, whether such insurance is or is not required by this Deed of Trust,

(f)   All utility deposits made to obtain or maintain utility services to the Premises or the Improvements,

(g)   Any amounts in any escrow fund for the purposes of payment of taxes, insurance premiums or other Impositions as to the Trust Property,

(h)   The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought as to the Trust Property and to commence any action or proceeding to protect the interest of Trustee and Beneficiary in the Trust Property, and

(i)   The products and proceeds of the property described in the above (a) through (h) inclusive

TO HAVE AND TO HOLD the Trust Property upon and subject to the trusts and agreements set forth in this Deed of Trust

1   Secured Indebtedness   This Deed of Trust is given to secure the payment and performance of the following obligations, indebtedness, and liabilities (the "Obligations")   (a) all Obligations of Trustor under the Promissory Note of this date payable to Beneficiary, in the principal amount of TWO HUNDRED EIGHTY THOUSAND DOLLARS ($ 280,000.00 ), as well as any other substituted note and all modifications, renewals, or extension of the note (the "Note") and the payee and all subsequent holders of the Note are collectively the "Beneficiary" and the transaction creating the Note is the "Loan"), (b) all Obligations under this Deed of Trust as it may be amended from time to time, (c) all present and future loans, advances, or other extensions of credit obtained by Trustor from Beneficiary, and all promissory notes evidencing such present or future loans, advances, or other extensions of credit, including Trustor's Obligations under any present or future loan or credit agreement executed by Trustor, including the Assignment of Lessor's Interest in Leases and Rents of the same date (the "Assignment"), including any other agreement granting additional security interests (collectively, "Other Security Documents"), and all liabilities that Trustor may now or in the future owe to Beneficiary   Collectively the Obligations referred to above are called the "Debt "

Notwithstanding any provision of this Deed of Trust to the contrary, in no event shall this Deed of Trust secure the Obligations of Trustor or any Guarantor arising exclusively under (i) any guaranty of the same date (the "Guaranty") or (ii) any Environmental Certificate and Indemnity Agreement of the same date, given by Trustor or any other person to Beneficiary (the "Environmental Indemnity")   The definition of "Other Security Documents" shall not include the Guaranty or the Environmental Indemnity

First Trust Deed
Parcel #2 – Construct Deed of Trust
JAMES E  KREUSBACH
VACANT LAND  LA CRESCENTA, CA
APN  5867-009-042

Initial _____

5

2   Representations, Warranties and Covenants

(a) Warranty of Title   Trustor warrants that Trustor has good title to the Trust Property and has the unrestricted right to grant the security interests given in this Deed of Trust and that Trustor presently possesses an unencumbered fee simple estate in the Premises and the Improvements except for those shown in the title report for this transaction (the "Permitted Encumbrances"), and that this Deed of Trust is and will remain a valid and enforceable lien on and security interest in the Trust Property, subject only to the Permitted Encumbrances   Trustor shall forever warrant, defend and preserve such title and the validity and priority of the lien of this Deed of Trust, subject to the Permitted Encumbrances, and shall forever warrant and defend the same to Beneficiary against the claims of all persons

(b) Representations and Covenants Concerning Loan   Trustor represents, warrants and covenants as follows

(i)   All certifications, permits, licenses and approvals, including certificates of completion and occupancy permits required for the legal use, occupancy and operation of the Trust Property as currently operated (collectively, the "Licenses"), have been obtained and are in good standing (including, without limitation, any applicable liquor license)   The Trustor shall keep and maintain all Licenses   The Trust Property is free of material damage and is in good repair, and there is no proceeding pending for the total or partial condemnation of, or affecting, the Trust Property

(ii)   All of the Improvements which were included in determining the appraised value of the Trust Property lie wholly within the boundaries and building restriction lines of the Trust Property, and no improvements on adjoining properties encroach upon the Trust Property, and no easements or other encumbrances upon the Premises encroach upon any of the Improvements, so as to affect the value or marketability of the Trust Property except those which are insured against by the Beneficiary's policy of mortgagee's title insurance insuring the lien of this Deed of Trust   All of the Improvements comply with all material requirements of any applicable zoning and subdivision laws and ordinances

(iii)   The Trust Property is not subject to any Leases other than the Leases described in the rent roll delivered to Beneficiary in connection with this Deed of Trust   No person has any possessory interest in the Trust Property or right to occupy the same except under and pursuant to the provisions of the Leases   The current Leases are good standing

(iv)   The Trust Property is and shall at all times remain in compliance with all statutes, ordinances, regulations and other governmental or quasi-governmental requirements and private covenants now or in the future relating to the ownership, construction, use or operation of the Trust Property

(v)   There has not been committed by Trustor or, to Trustor's knowledge, any other person in occupancy of or involved with the operation or use of the Trust Property any act or omission affording the federal government or any state or local government the right of forfeiture as against the Trust Property or any part thereof or any monies paid in performance of Trustor's obligations under this Deed of Trust or any of the Other Security Documents   Trustor hereby covenants and agrees not to commit, permit or suffer to exist any act or omission affording such right of forfeiture

(vi)   Neither the execution and delivery of the Note, this Deed of Trust, or the Other Security Documents, nor the Trustor's performance thereunder, nor the recordation of this Deed of Trust, nor the exercise of any remedies by Beneficiary, will adversely affect Trustor's rights under any of the Licenses

(c) Survival   The warranties of this Paragraph will survive foreclosure or enforcement of this Deed of Trust and shall run with the Premises

3   Insurance

(a) Risks to be Insured and Policy Provisions   Subject to the provisions of Paragraph 5 hereof, Trustor, at its sole cost and expense, will maintain or cause to be maintained the following

- 3 -

Initial

(i) Commercial general liability (including contractual liability) insurance ("CGL Insurance") covering any and all liability of the insured arising out of the ownership, maintenance, use or occupancy of the Trust Property, and all operations incidental thereto said insurance to have limits of not less than Five Million Dollars ($5,000,000 00) combined single limit per occurrence for bodily injury, personal injury and property damage liability,

(ii) Insurance ("Building Insurance") on all buildings, fixtures and improvements located on the Trust Property against "special perils" (including "ordinance or law coverage"), in amounts at least equal to the greater of (x) the full replacement cost thereof (without deduction for depreciation) as such replacement cost shall be determined from time to time at the reasonable request of Beneficiary, or (y) unless prohibited by law, the unpaid principal amount of the Debt  The Building Insurance shall include a co-insurance waiver or agreed amount endorsement  Such insurance shall, during the course of any construction of additions to the Improvements, be on Special Form Builder's Risk 100% Completed Value Non-Reporting Form or other form approved by Beneficiary,

(iii) Insurance on personal property against fire and any peril generally included within the classification of "extended coverage" ("Personal Property Insurance") in amounts at least equal to the replacement value thereof,

(iv) Rental value or business interruption insurance (or a combination thereof as Beneficiary may require) ("Rental Value or Business Interruption Insurance") on all buildings, fixtures, improvements, and other constructions located on and forming a part of the Trust Property as above described (including parking and common areas) against loss by the perils covered by the Building Insurance in amounts of not less than the amount of Trustor's annual gross income from the Trust Property or Trustor's debt service on the Trust Property (including required payments to the Escrow Fund), for twelve (12) months, whichever is greater  Such Rental Value or Business Interruption Insurance shall contain an endorsement extending the period of indemnity for not less than ninety (90) days after restoration of said buildings, fixtures and improvements is completed,

(v) If and whenever Trustor shall have employees, workers' compensation insurance as required by law and employer's liability insurance with limits of liability of not less than $100,000/$500,000/$100,000,

(vi) If the Trust Property is located in an area which has been identified by the Secretary of Housing and Urban Development as a flood hazard area and in which flood insurance has been made available under the National Flood Insurance Act of 1968 (the "Act"), Trustor shall keep the Trust Property covered by flood insurance ("Flood Insurance") up to the maximum limit of coverage available under the Act, but not in excess of the amount of the Debt, and

(vii) Such other insurance with respect to the Trust Property in such amounts and against such insurable hazards as Beneficiary from time to time may reasonably require ("Additionally Required Insurance")

All insurance required hereunder, including the CGL Insurance (the "Policies"), shall provide that coverage shall not be revised, cancelled or reduced until at least thirty (30) days' written notice of such revision, cancellation or reduction shall have been given to Beneficiary, be issued by insurance companies which are qualified to do business in the State, which have at least one of the following A M Best Co  combinations of Best's Rating and Best Financial Size Category  A-, XV, A, XIII, A+, IX, or A++, VIII, and which are satisfactory to Beneficiary in all other ways

The CGL Insurance shall name Beneficiary as an additional insured, apply severally as to Trustor and Beneficiary (excepting the limits of liability), cover each of them as insureds in the same manner as if separate policies had been issued to each of them (excepting the limits of liability), contain no provisions affecting any rights which any of them would have as claimants if not so named as insureds, and be primary insurance with any other valid and collectible insurance available to Beneficiary constituting excess insurance

The Building Insurance, Personal Property Insurance, Rental Value or Business Interruption Insurance, and Flood Insurance shall name Beneficiary as an additional insured, and have attached to them a Lender's Loss Payable Endorsement naming Beneficiary as Lender, a standard waiver of subrogation endorsement, a stipulated amount endorsement, and a full replacement cost endorsement

- 4 -

First Trust Deed
Parcel #2 - Construction Deed of Trust
JAMES C. KRIEBSBACH
VACANT LAND, LA CRESCENTA, CA
APN 5862-009-032

Initial _____

7

(b) Delivery of Policy   Trustor will deliver to Beneficiary original binders or evidence of all required insurance to Beneficiary and Trustor shall promptly furnish to Beneficiary copies of all renewal notices and all receipts of paid premiums received by it   At least ten (10) days prior to the expiration date of a required policy, Trustor shall deliver to Beneficiary a renewal binder or evidence of insurance in a form satisfactory to Beneficiary

(c) Assignment of Policy   If the Trust Property is sold at a foreclosure sale or if Beneficiary shall acquire title to the Trust Property, Beneficiary shall have all of the rights of Trustor to the Policies and the unearned premiums on them and to the proceeds resulting from any damage to Trust Property prior to such sale or acquisition

(d) Notice of Damage or Destruction, Adjusting Loss   If any part of the Trust Property is damaged or destroyed by fire or other casualty, Trustor will promptly give written notice thereof to the insurance carrier and Beneficiary, and will not adjust any damage or loss which exceeds $10,000 unless Beneficiary joins in such adjustment, but if there has been no adjustment of any such damage or loss within four months from the date of occurrence and if an Event of Default exists at the end of such four-month period or at any time thereafter, Beneficiary may alone make proof of loss, adjust and compromise any claim under the policies and appear in and prosecute any action arising from such policies   In connection therewith, Trustor does hereby irrevocably authorize, empower and appoint Beneficiary as attorney-in-fact for Trustor (which appointment is coupled with an interest) to do any of the above in the name of Trustor

(e) Application of Insurance Proceeds   All sums in excess of $10,000 paid under any insurance policies relating to the Building Insurance, Personal Property Insurance, Rental Value or Business Interruption Insurance, Flood Insurance or Additionally Required Insurance (collectively the "Proceeds"), shall be paid to Beneficiary which may, at its option (but subject to the provisions of this Paragraph), apply them, after first deducting Beneficiary's expenses incurred in the collection thereof, to the payment of the Debt, whether or not due and in such order of application as Beneficiary may determine, or to the repair, replacement, rebuilding or restoration of the Trust Property, in such manner as Beneficiary may determine   However, Beneficiary shall make all Proceeds (after first deducting therefrom Beneficiary's reasonable expenses incurred in collecting them) available to Trustor to reimburse Trustor for Trustor's reasonable costs of restoration, repair, replacement or rebuilding of the Improvements and Equipment, in accordance with procedures reasonably required by Beneficiary (and shall not be applied toward the payment of the Debt until after restoration and repair of the Improvements and Equipment) provided

(i) There is no Event of Default,

(ii) Trustor has notified Beneficiary of Trustor's intention to perform such restoration or repair within thirty (30) days after adjusting the loss or casualty,

(iii) Beneficiary receives reasonably satisfactory evidence that the Premises and Equipment have been fully restored or that by application of the Proceeds will be fully restored to their condition prior to the damage or destruction, free and clear of all liens other than the Permitted Encumbrances,

(iv) If, in the reasonable judgment of Beneficiary, the Proceeds will be insufficient to restore the Improvements and Equipment to their condition prior to the damage or destruction, Trustor shall demonstrate to Beneficiary the availability of funds which, together with the Proceeds, are sufficient to restore the Improvements and Equipment to their condition prior to the damage or destruction, and

(v) There will, in the reasonable judgment of Beneficiary, remain sufficient time to complete the restoration or repair of the Improvements and Equipment prior to the Date of Maturity (as defined in the Note)

Any Proceeds remaining after reimbursement of Trustor for its costs of restoring the Improvements and Equipment, at Beneficiary's option, may be applied to partial prepayment of the Debt   Any such application of the Proceeds to the payment of the Debt shall be without prepayment premium or penalty, if any, otherwise applicable and shall not extend or postpone the due dates of the monthly installments under the Note or change the amount of such installments   Any remaining proceeds not applied to the Debt shall be paid to Trustor

- 5 -

Fee Trust Deed
Parcel 22   Commercial Deed of Trust
JAMES E KREISBACH
VACANT LAND   LA CRESCENTA, CA
APN  5867 050-012

Initial _____

4    Payment of Impositions    Subject to the payments in the manner provided in Paragraph 5 hereof and to Paragraph 8 relating to contests, Trustor shall pay when due all taxes (both real and personal), assessments, water charges, sewer charges, ground rents, maintenance charges and all other charges, including, without limitation, vault charges and license fees for the use of vaults, chutes and similar areas adjoining the Premises, now or hereafter levied or assessed or imposed against the Trust Property (the "Impositions")  Trustor will deliver to Beneficiary, upon request, evidence satisfactory to Beneficiary that the Impositions are not delinquent  Trustor shall not permit and shall promptly cause to discharged any lien or charge which becomes a lien or charge against the Trust Property, and shall promptly pay for all utility services provided to the Trust Property

5    Escrow Fund    At the option of the Beneficiary, Beneficiary may require Trustor to establish an Escrow Fund (defined below) sufficient to pay all Impositions and all insurance premiums for all Policies (the "Insurance Premiums") pursuant to this Deed of Trust  Initial deposits of Impositions and Insurance Premiums shall be made by Trustor to Beneficiary in amounts determined by Beneficiary in its discretion on the date hereof to be held by Beneficiary or its agent, in escrow  Additionally, Trustor shall pay to Beneficiary on the first day of each calendar month one-twelfth of an amount which would be sufficient to pay the Impositions and Insurance Premiums upon the due dates for them (the initial deposits and the amounts referred to in the previous sentence shall be called the "Escrow Fund")  Trustor agrees to notify Beneficiary immediately of any changes to the amounts, schedules and instructions for payment of any Impositions and Insurance Premiums and authorizes Beneficiary or its agent to obtain the bills for Impositions directly from the appropriate tax or insurance authority  The Escrow Fund and the payments of interest or principal or both under the Note shall be added and paid together  Provided there are sufficient amounts in the Escrow Fund and no Event of Default exists, Beneficiary shall pay the Impositions and Insurance Premiums when due with funds from the Escrow Fund  If the Escrow Fund is insufficient to pay the items set forth above, Trustor shall pay, upon demand, to Beneficiary, any shortage  Unless otherwise required by applicable law, no earnings or interest on the Escrow Fund shall be payable to Trustor

6    Liens    Subject to Paragraph 8 hereof relating to contests, the Trustor shall not create or permit any lien, encumbrance or charge on the Trust Property inferior or to the lien of this Deed of Trust  Trustor shall pay, when due, the claims of (i) all persons supplying labor or materials to or in connection with the Trust Property, and (ii) registered or certified surveyors or engineers, or licensed architects, or their professional consultants supplying professional services in connection with the Trust Property

7    Compliance with Laws    Subject to Paragraph 8 relating to contests, Trustor shall comply with all present and future statutes, laws, rules, orders, regulations and ordinances affecting the Trust Property, any part thereof or the use thereof and shall comply with all covenants, conditions and restrictions applicable to the Trustor which are contained in any documents constituting a Permitted Encumbrance

8    Permitted Contests    The Trustor shall not be required to (i) pay any tax, assessment or other charge referred to in paragraph 4, (ii) discharge or remove any lien, encumbrance or charge referred to in Paragraph 6, or (iii) comply with any statute, law, rule, regulation or ordinance referred to in Paragraph 7, if Trustor (a) contests, in good faith, the existence, the amount or the validity of the item, and (b) shall give such security to Beneficiary as may be reasonably demanded by Beneficiary to ensure compliance with the foregoing provisions of this Paragraph  Trustor shall give prompt written notice to Beneficiary of the commencement of any contest referred to in this Paragraph

9    Condemnation
(a)  Immediately upon receipt by Trustor of notice of the institution of any proceeding or negotiations for condemnation or other eminent domain proceeding (called "Taking"), Trustor shall give notice thereof to Trustee and

- 6 -

Initial

Beneficiary Trustee and Beneficiary may appear in any such proceedings and participate in any such negotiations and may be represented by counsel  Trustor, notwithstanding that Trustee and Beneficiary may not be a party to any such proceeding, will promptly give to Trustee and Beneficiary copies of all notices, pleadings, judgments, determinations and other papers received by Trustor therein  Trustor will not enter into any agreement permitting or consenting to the taking of the Trust Property, or any part thereof, or providing for the conveyance thereof in lieu of condemnation, unless Beneficiary has first consented thereto in writing, which consent shall not be unreasonably withheld or delayed  All Taking awards shall be adjusted jointly by Trustor and Beneficiary  All awards payable as a result of a Taking which exceed $10,000 shall be paid to Beneficiary  Beneficiary may, at its option, apply the proceeds, after first deducting its expenses incurred in the collection of them, to the payment of the Debt, whether or not due and in such order of application as Beneficiary may determine, or to the repair, replacement, rebuilding or restoration of the Trust Property, in such manner as Beneficiary may determine, provided, however, that any such application of any award payable as a result of a Taking, to the payment of the Debt, shall be without prepayment premium or penalty

(b)  All Awards that exceed $10,000 shall be paid to Beneficiary  Beneficiary shall make all Awards (after first deducting Beneficiary's expenses to collecting the Award) available to Trustor to reimburse Trustor for its reasonable costs of restoration, repair, replacement or rebuilding of the Improvements, subject, however to conditions substantially similar to the conditions imposed under the terms of Paragraph 3(c) above, relating to the use of Proceeds  Any excess portion of any Award shall applied to partial prepayment of the Debt, without prepayment premium or penalty and shall not extend or postpone the due dates of monthly payments

(c)  TRUSTOR HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ALL RIGHTS OF A PROPERTY OWNER UNDER SECTION 1265 225(A) OF THE CALIFORNIA CODE OF CIVIL PROCEDURE OR ANY SUCCESSOR STATUTE PROVIDING FOR THE ALLOCATION OF CONDEMNATION PROCEEDS BETWEEN A PROPERTY OWNER AND A LIEN HOLDER

10    Leases and Rents  Trustor agrees that Beneficiary has the right to enter the Trust Property for the purpose of enforcing its interest in the Leases and the Rents  Nevertheless, subject to the terms of this Paragraph, Beneficiary grants Trustor a limited license to collect the Rents  Trustor shall hold the Rents, or that portion thereof sufficient to discharge all current sums due and unpaid by Trustor under the terms of the Note, whichever is less, in trust for use in the payment of the Debt

Upon the occurrence of an Event of Default, Trustor's limited license to collect Rents shall automatically terminate, and any rents previously collected and in Trustor's possession shall thereafter be held in trust for payment of the Debt  Beneficiary may enter upon the Trust Property, collect and retain the Rents and apply the Rents toward payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper  All Major Tenant Leases (as defined below) entered into subsequent to the date hereof shall be approved, in writing, by Beneficiary  Upon request, Trustor shall furnish Beneficiary with executed copies of all Leases  In addition, all renewals of Leases and all proposed Leases shall provide for rental rates comparable to existing local market rates (taking into account reasonable free-rent periods or other promotional discounts consistent with local market conditions) and shall be at arm's length transactions  All Leases shall provide that they are subordinate to this Deed of Trust, and that the lessee attorns to Beneficiary  Trustor shall not, without the consent of Beneficiary, cancel any Major Tenant Lease or accept prepayments of installments of Rent under a Major Tenant Lease for a period of more than one (1) month in advance or further assign the whole or any part of the Leases or the Rents  Trustor shall perform each provision of every Lease  All security and other deposits received by Trustor under any Lease shall be maintained in a separate account at a bank, and shall not be commingled with Trustor's other funds  If an Event of Default occurs, Beneficiary, at its option, may require Trustor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair rental value for the portion of the Trust Property possessed by Trustor and may require Trustor to surrender possession of the Trust Property to Beneficiary or to such receiver and, in default thereof, Trustor may be evicted by summary proceedings or otherwise  For purposes of this Paragraph, a "Major Tenant Lease" shall mean any Lease under which the tenant occupies at least

- 7 -

First Trust Deed
Parcel #2 – Conscipan Deed of Trust
JAMES E  KREUSBACH
VACANT LAND  LA CRESCENTA  CA
APN  5867-029-032

Initial [signature]

10

5.000 square feet of the Premises, or which is for a term of at least 10 years, or which otherwise represents at least 25% of the sum total of the Rent under all Leases of the Trust Property

11    **Preservation and Maintenance of Trust Property**    Trustor (i) shall keep the Improvements now or hereafter erected on the Premises in safe and good repair and condition, ordinary depreciation excepted, (ii) shall, upon damage or destruction of the Trust Property or any part thereof by fire or other casualty, restore, repair, replace or rebuild the Trust Property that is damaged or destroyed to the condition it was in immediately prior to such damage or destruction, whether or not any insurance proceeds are available or sufficient for such purpose, provided, however, that if Beneficiary shall apply all the insurance proceeds or any portion thereof to payment of the Debt, Trustor shall have the option, in lieu of completing such repair, replacement, rebuilding or restoration, to pay in full the Note and the entire Debt without payment of a premium or penalty, (iii) shall constantly maintain the parking and landscaped areas of the Trust Property, (iv) shall not commit waste or permit impairment or deterioration of the Trust Property, (v) shall not construct additions to existing buildings or additional buildings on the Premises without the prior written consent of the Beneficiary, which consent shall not be unreasonably withheld or delayed, (vi) shall not remove from the Premises any of the fixtures and personal property included in the Trust Property unless the same is immediately replaced with property of at least equal value and utility, and this Deed of Trust becomes a valid first lien on such property, and (vii) shall maintain the roofs of the Improvements in safe, sound and good repair and condition

12    **Transfer or Encumbrances of the Trust Property**    Trustor acknowledges that Beneficiary has examined both the creditworthiness of Trustor and Trustor's experience in owning and operating properties such as the Trust Property in determining whether or not to make the Loan, that Beneficiary has relied on Trustor's creditworthiness and experience in deciding to make the Loan, and that Beneficiary will continue to rely on Trustor's ownership of the Trust Property as a means of maintaining the value of the Trust Property as security for repayment of the Debt    Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure that, if Trustor defaults in the repayment of the Debt, Beneficiary can recover the Debt by a sale of the Trust Property    If Trustor shall, without the prior written consent of Beneficiary, further encumber the Trust Property with any lien imposed in connection with any other financing, or sell, transfer or convey any part of the Trust Property or the right to manage or control the operation of any part of the Trust Property, the entire Debt shall become due, at the option of Beneficiary    A sale, transfer or conveyance within the meaning of this Paragraph shall be deemed to include (i) an installment sales agreement in which Trustor agrees to sell any part of the Trust Property for a price to be paid in installments, (ii) an agreement by Trustor leasing all or a substantial part of the Trust Property, or a sale, pledge, assignment or other transfer of, or the grant of a security interest in, Trustor's right, title and interest in any Leases or any Rents, (iii) if Trustor is a corporation or a limited partnership with a corporate general partner, the transfer of stock of the Trustor or its corporate general partner to parties who do not now hold a controlling interest, (iv) if Trustor is a general or limited partnership, joint venture, or other form of partnership (a "Partnership"), a transfer of any general partnership interest or the admission of any new general partner, and (v) if Trustor is a limited liability company or a limited partnership with a limited liability company as general partner, the transfer of membership interests in the Trustor or its limited liability company general partner (or the stock or membership interests in any corporation or limited liability company controlling Trustor or its limited liability company general partner) or the creation or issuance of new memberships in Trustor or its limited liability company general partner to parties who do not now own a controlling interest    Beneficiary reserves the right to condition its consent upon a modification of the terms of this Deed of Trust and the Note and on assumption of this Deed of Trust as so modified, by the proposed transferee, payment of a transfer or assumption fee, or such other conditions as Beneficiary shall determine in its sole discretion to be in the interest of Beneficiary    Beneficiary shall not be required to demonstrate any actual impairment of its security or any increased risk of default in order to declare the Debt immediately due and payable upon Trustor's sale, transfer, conveyance or further encumbrance of the Trust Property without Beneficiary's consent    This provision shall apply to every sale, transfer,

- 8 -

Initial

conveyance, or further encumbrance of the Trust Property regardless of whether voluntary or not or whether of not Beneficiary has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Property regardless of whether voluntary or not or whether or not Beneficiary has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Property

13    Estoppel Certificates   After request by Beneficiary, Trustor, within ten (10) days and at its expense, will furnish the Beneficiary with a statement, duly certified, confirming or otherwise setting forth the original principal amount of the Note, the unpaid principal amount of the Note, the rate of interest on the unpaid principal amount of the Note, the dates installments of interest (or any principal) were last paid, the offsets or defenses to the payment of the Debt, if any, and that the Note and this Deed of Trust are valid, legal and binding obligations and have not been modified or, if modified, giving particulars on such modification

14    Notices   Any notice, demand, statement, request, or consent made under this Deed of Trust shall be in writing and shall be deemed given when hand delivered, or within three (3) days after the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth above, of the party to whom such notice is to be given, or to such other address as Trustor, Trustee or Beneficiary, as the case may be, shall in like manner designate in writing

Trustor hereby requests that, unless otherwise prescribed by law, a copy of any notice of default or notice of sale pursuant to the nonjudicial foreclosure of this Deed of Trust be mailed to Trustor at the mailing address set forth in the preamble above

15    Sale of Trust Property   If this Deed of Trust is foreclosed, the Trust Property, or any interest therein, may at the discretion of Beneficiary be sold in one or more parcels or in several interests or portions and in any order or manner as may be permitted by applicable law

16    Right of Entry   Beneficiary and its agents shall have the right to enter and inspect the Trust Property at all reasonable times upon notice to Trustor

17    Books and Records   Trustor shall keep adequate books and records of account and furnish Beneficiary with financial statements prepared by a certified public accountant reasonably acceptable to Beneficiary, and other information concerning the affairs of Trustor as Beneficiary may reasonably request, in form and detail reasonably satisfactory to Beneficiary, including, annual statements of income and expense related to the operation of the Trust Property (including a current rent roll, gross rental income, other income, real estate taxes, insurance, operating expenses and depreciation), a copy of Trustor's federal income tax return (including all supporting schedules) within 90 days after the end of each fiscal year, and from time to time, interim financial statements and other information as reasonably requested by Beneficiary   All such financial statements, and other information shall be certified to be true and accurate by an individual responsible for the financial affairs of Trustor, in such individual's individual capacity   In the event that such financial statements and other information are not furnished to Beneficiary by Trustor, or, if furnished, are not in a form reasonably acceptable to Beneficiary, Beneficiary may, in addition to any other remedies which Beneficiary has under this Deed of Trust, the Note, or any of the Other Security Documents, audit the books and records of Trustor, and any expense of the audit shall be added to the Debt. Immediately upon the appointment of a receiver of the Trust Property by a court of competent jurisdiction, Trustor shall deliver all books and records or other documents required to be maintained under the terms of this section to such receiver

18    Performance of Other Agreements   Trustor shall observe and perform each and every term to be observed or performed by Trustor pursuant to the terms of any agreement or recorded instrument affecting or pertaining to the Trust Property

- 9 -

First Trust Deed
Parcel #2 – Construction Deed of Trust
JAMES E  KREHBACH
VACANT LAND, LA CRESCENTA, CA
APN  5867-009-037

Initial

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as ***Notice of Motion and Motion for Relief from Automatic Stay*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***September 29, 2010***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
DOUGLAS CROWDER, ESQ.    notices@crowderlaw.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ***September 29, 2010***, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Rosicki, Rosicki & Assoc.       James E. Krebsbach (debtor)
51 E. Bethpage Road             5443 Pine Cone Road
Plainview, NY 11803             La Crescenta, CA    91214

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***September 29, 2010***, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Hon. Alan Ahart
255 E. Temple Street, Suite 1382
Los Angeles, CA    90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2010 | Adam J. Telanoff | |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.