| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Adam J. Telanoff (csb 159761)<br>Telanoff & Telanoff<br>1830 12th Street, Unit 2<br>Santa Monica, CA 90404<br>(310) 396-5380/(310) 397-9507 FAX<br>adam.telanoff@gmail.com<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: SOFEN ENTEPRISES, INC. | FILED<br>MAR 01 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |

ORIGINAL

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>JAMES E. KREBSBACH<br><br><br><br>Debtor(s). | CHAPTER: 7 |
| | CASE NO.: 2:10-bk-21498 AA |
| | DATE: 3/30/11<br>TIME: 11:00 am<br>CTRM: 1375<br>FLOOR: 13 |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: SOFEN ENTERPRISES, INC.                    )
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☒ **255 East Temple Street, Los Angeles**      ☐ **411 West Fourth Street, Santa Ana**

   ☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**

   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of 10*___          **F 4001-1M.RP**

| In re              (SHORT TITLE)          | CHAPTER: 7 |
|---|---|
| JAMES E. KREBSBACH | |
| Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 2/28/11

TELANOFF & TELANOFF
*Print Law Firm Name (if applicable)*

ADAM J. TELANOFF
*Print Name of Individual Movant or Attorney for Movant*          *Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                     **F 4001-1M.RP**

1  **TELANOFF & TELANOFF**
   ADAM J. TELANOFF (STATE BAR #159761)
2  1830 12th Street, Unit 2
   Santa Monica, CA          90404
3  TELEPHONE: (310) 396-5380
   FAX: (310) 397-9507
4  adam.telanoff@gmail.com

5  ATTORNEY FOR SOFEN ENTERPRISES, INC.

6

7

8              UNITED STATES BANKRUPTCY COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | In re: | Bankruptcy Number: 02:10-bk-21498 AA |
11 | JAMES KREBSBACH, | DECLARATION OF ADAM J. TELANOFF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY |
12 |                    Debtor | |
13 | | DATE:   03/30/2011 |
14 | | TIME:   11:00 am |
   | | CTRM:  1375 |

15

16 I, Adam J. Telanoff declare as follows:

17      1      I am an attorney at law licensed to practice before the Court of the State of California

18 and admitted to practice in the Central District of California.  I am attorney of record for Secured

19 Creditor Sofen Enterprises, Inc.  In that capacity I am aware of the following facts of my own

20 personal knowledge.

21      2      Secured Creditor Sofen Enterprises, Inc. has previous made a motion for relief from

22 automatic stay to this Court, which motion has been denied.

23           2.1    Date of Prior Motion: 07/07/10 and 10/20/10

24           2.2    Judge to whom Prior Motion made: Hon. Alan Ahart

25           2.3    Ruling: Denied

26 ///

27 ///

28 ///

1

1    2.4  New or different facts and circumstances: The prior motions were denied for

2 procedural reasons arising out a deficiency in the documents filed. The deficiency has been

3 corrected.

4

5 Dated: February 28, 2011         TELANOFF & TELANOFF

6

7                    Adam J. Telanoff,

8                    Attorney for Secured Creditor
                    Sofen Enterprises, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration in Support of Motion for Relief from Stay     02:10-bk-21498 VK

Motion for Relief from Stay (Real Property) - *Page 3 of* 10___     **F 4001-1M.RP**

| In re<br>JAMES E. KREBSBACH | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: SOFEN ENTERPRISES, INC. _____ )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* VACANT LAND, APN 5867-009-042
   *Apartment/Suite No.:*
   *City, State, Zip Code:* LA CRESCENTA, CA

   Legal description or document recording number (including county of recording):
   See continuation page "Exhibit A"
   ☒ See attached continuation page.

2. **Case History:**

   a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☐ 7  ☐ 11  ☐ 12  ☒ 13
      was filed on *(specify date):* 3/26/10

   b. ☒ An Order of Conversion to Chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on *(specify date):* 6/16/10

   c. ☐ Plan was confirmed on *(specify date):*

   d. ☒ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (c) ☒ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

         (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                      **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 4 of 10* **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| JAMES E. KREBSBACH | | Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

       (3) ☐ *(Chapter 12 or 13 cases only)*

          (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

          (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

       (4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

       (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

       (2) ☒ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _B_____.

    d. ☐ Other evidence *(specify):*

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of* 10       **F 4001-1M.RP**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| JAMES E. KREBSBACH                          Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

     d. ☐ For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 2/28/11                    Respectfully submitted,

                                   SOFEN ENTERPRISES, INC.
                                   *Movant Name*

                                   TELANOFF & TELANOFF
                                   *Firm Name of Attorney for Movant (if applicable)*

                                   By:
                                   *Signature*

                                   Name:  ADAM J. TELANOFF
                                   *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                           **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* 10__          **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBSBACH | | CASE NO.: 2:10-bk-21498 AA |
| | Debtor(s). | |

## REAL PROPERTY DECLARATION
### (MOVANT: SOFEN ENTERPRISES, INC.          )

I, IRVING SOFEN                                         , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Movant as *(state title and capacity)*: PRESIDENT

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a.   The address of the Property that is the subject of this Motion is:

   *Street Address:* VACANT LAND, APN 5867-009-042
   *Apartment/Suite No.:*
   *City, State, Zip Code:* LA CRESCENTA, CA

   b.   The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit A_____.

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:
   a.   ☐ Debtor's(s') principal residence   b.   ☐ Other single family residence
   c.   ☐ Multi-unit residential                      d.   ☐ Commercial
   e.   ☐ Industrial                                        f.   ☒ Vacant land
   g.   ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of* 10    **F 4001-1M.RP**

| In re              (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| JAMES E. KREBSBACH | |
| Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

5. Nature of Debtor's(s') interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) *(specify)*:

   c. ☐ Lien holder *(specify)*:

   d. ☐ Other *(specify)*:

   e. ☒ Debtor(s)  ☒ did   ☐ did not  list the Property in the Schedules filed in this case.

   f. ☐ Debtor(s) acquired the interest in the Property by  ☐ grant deed  ☐ quitclaim deed  ☐ trust deed

        The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 56,338.31 | $ 0.00 | $ 56,338.31 |
| b. | Accrued Interest: | $ 3,853.03 | $ 3,148.77 | $ 7,001.80 |
| c. | Late Charges | $ 0.00 | $ 0.00 | $ 0.00 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 7,818.54 | $ 2,000.00 | $ 9,818.54 |
| e. | Advances (Property Taxes, Insurance): | $ 0.00 | $ 0.00 | $ 0.00 |
| g. | TOTAL CLAIM as of 7/6/10                : | $ 68,009.88 | $ 5,148.77 | $ 73,158.65 |

   h. ☒ Loan is all due and payable because it matured on *(specify date)*: 11/1/09

7. Movant holds a  ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)*
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit C .

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit D .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate: 20%
   b. Contractual maturity date: 11/1/09
   c. Amount of current monthly payment: $ 0.00
   d. Number of PREPETITION payments that have come due and were not made: 1 . Total amount: $ 56,338.31
   e. Number of POSTPETITION payments that have come due and were not made: 0 . Total amount: $ 0.00
   f. Date of POSTPETITION default:
   g. Last payment received on the following date: 11/2/09
   h. Notice of default recorded on the following date: 6/8/09
   i. Notice of sale recorded on the following date: 3/9/10
   j. Foreclosure sale originally scheduled for the following date: 3/29/10
   k. Foreclosure sale currently scheduled for the following date:
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*:
      An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit E is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* 10          **F 4001-1M.RP**

| In re **JAMES E. KREBSBACH** | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

10. ☒  *(Chapter 7 and 11 cases only):*  The fair market value of the entire Property is $ <u>57,152.43</u>          , established by:

    a.  ☐  Appraiser's declaration with appraisal attached herewith as Exhibit _____.

    b.  ☐  A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c.  ☒  A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit <u>B</u>    .

    d.  ☐  Other *(specify)*:

11. ☒  The fair market value of the Property is declining based on/due to: <u>GENERAL MARKET TREND</u>

12. ☒  **Calculation of equity in Property:**

    a.  Based upon  ☐ preliminary title report   ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust and lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | SOFEN ENTERPRISES, INC. | $57,152.43 | $73,158.65 |
| 2nd Deed of Trust: | | $0.00 | $0.00 |
| 3rd Deed of Trust: | | $0.00 | $0.00 |
| Judgment Liens: | | $0.00 | $0.00 |
| Taxes: | | $0.00 | $0.00 |
| Other: | | $0.00 | $0.00 |
| **TOTAL DEBT:** | **$ 73,158.65** | | |

    b.  Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:

      ☐  Preliminary title report

      ☒  Relevant portions of Debtor's(s') Schedules as filed in this case

      ☐  Other *(specify)*:

    c.  Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ <u>-16,006.22</u>          (§ 362(d)(2)(A)).

    d.  The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $<u>-16,006.22</u>          (§ 362(d)(1)).

    e.  Estimated costs of sale: $ <u>7,315.00</u>          (Estimate based upon <u>1</u>    % of estimated gross sales price)

13. ☐  *(Chapter 12 and 13 cases only)*  Chapter 12 or 13 case status information:

    a.  341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:

    b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| (Number of) _____ | payment(s) due at | $_____ | each = | $_____ |
|---|---|---|---|---|
| (Number of) _____ | payment(s) due at | $_____ | each = | $_____ |
| (Number of) _____ | late charge(s) at | $_____ | each = | $_____ |
| (Number of) _____ | late charge(s) at | $_____ | each = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                              **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of* 10          **F 4001-1M.RP**

| In re                         (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| JAMES E. KREBSBACH | |
| Debtor(s). | CASE NO.:  2:10-bk-21498 AA |

c.   Postpetition/preconfirmation advances or other charges due but unpaid:          $_____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

d.   Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ late charge(s) at   $_____ each   =   $_____
*(Number of)* _____ late charge(s) at   $_____ each   =   $_____

e.   Postconfirmation advances or other charges due but unpaid:          $_____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**          $_____

f.   ☐   The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.   ☐   See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  ☐   Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐   The court determined that the Property qualifies as single asset real estate on _____.  More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  ☐   See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☒   The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.   ☐   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing the scheme.

b.   ☒   Multiple bankruptcy filings affecting the Property.  The multiple bankruptcy filings include the following cases:
1.   Case Name: Krebsbach, James E.
          Case Number: 2:09-bk-44433          Chapter: 13
          Date Filed: 12/7/09          Date Dismissed: 1/25/10          Date Discharged:
          Relief from stay re this property   ☐ was   ☒ was not  granted.
2.   Case Name:
          Case Number:          Chapter:
          Date Filed:          Date Dismissed:          Date Discharged:
          Relief from stay re this property   ☐ was   ☐ was not  granted.
3.   ☐   See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐   See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of 18*          **F 4001-1M.RP**

| In re                      | (SHORT TITLE) |            | CHAPTER: 7                    |
|----------------------------|---------------|------------|-------------------------------|
| JAMES E. KREBASBACH        |               | Debtor(s). | CASE NO.: 2:10-BK-21498       |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 6 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on JULY 6 , 2010 , at TARZANA (city, state).


IRVING SOFEN
Print Declarant's Name

Signature of Declarant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

# EXHIBIT A

Guarantee No. 20900482

## EXHIBIT "A"

hat certain real property situated in the County of Los Angeles, State of California,
:ribed as follows:

SE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS
iELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7
OUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY,
CRIBED AS A WHOLE AS FOLLOWS:

INNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE
IINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45 43
T, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51
ONDS WEST 50 38 FEET,

NCE NORTH 23  DEGREE 45 MINUTE 00 SECONDS  WEST 93 00 FEET; THENCE SOUTH
)EGREE 37 MINUTE  35 SECONDS WEST 53 46  FEET TO THE EASTERLY SIDELINE OF
UD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND
THEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS
iND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21, THENCE NORTH 30
REE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21
.0 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING  IS A LEGAL
CRIPTION OF A  10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER
T PORTION OF  LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE
:ALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 - 9 INCLUSIVE OF MAPS,
HE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE
_OWING  DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY
=LINE OF CLOUD CREST ROAD, AS SHOWN  ON SAID TRACT MAP, SAID POINT BEING
i0' MEASURED ALONG  SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER  OF
) LOT 20, A RADIAL  LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37
ONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57 40 FEET
) LAND LOT LINE ADJUSTMENT NUMBER LLA 101,  381  RECORDED FEBRUARY 1, 1996
NSTRUMENT NO 96-184486 OF OFFICIAL RECORDS

# EXHIBIT B

se 2:10-bk-21498-AA    Doc 33    Filed 07/07/10    Entered 07/08/10 15:17:05    De
se 2:10-bk-21498-AA    Doc12DocumeB4/09/PageEnterEd5of04/09/10 15:48:54    Desc
Form 6 - Summary (12/07)        Main Document    Page 15 of 41

**United States Bankruptcy Court**
**Central District of California**

Case No. **2:10-bk-21498**

James E. _____    Chapter **13**
            Debtor(s)

## SUMMARY OF SCHEDULES

ach schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J
he amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D
otal amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data
pter 7, 11, or 13.

| CHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTI |
|---|---|---|---|---|---|
| roperty | Yes | 1 | $   757,152.43 | | |
| al Property | Yes | 3 | $     15,785.00 | | |
| ty Claimed as Exempt | Yes | 1 | | | |
| rs Holding Secured Claims | Yes | 2 | | $   1,382,298.43 | |
| rs Holding Unsecured Priority (Total of Claims on Schedule E) | Yes | 2 | | $     19,434.25 | |
| rs Holding Unsecured iority Claims | Yes | 6 | | $    140,664.45 | |
| tory Contracts and Unexpired | Yes | 1 | | | |
| tors | Yes | 1 | | | |
| t Income of Individual r(s) | Yes | 1 | | | $ |
| t Expenditures of Individual r(s) | Yes | 1 | | | $ |
| TOTAL | 18 | $   779,937.43 | $   1,542,397.13 | |

(Form 6A) (12/07)

sbach, James E.
_____        Case No. **2:10-bk-21498**
                    Debtor(s)                                          (If known)

### SCHEDULE A - REAL PROPERTY

ected below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If hether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband " If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

de interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpir

laims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to h roperty, write "None" in the column labeled "Amount of Secured Claim."

is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claime

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT CL |
|---|---|---|---|---|
| at 5443 Pine Cone Road, La Crescenta, CA 94607 | | | 700,000.00 | 1,1 |
| in La Cresenta, CA 91331 ( APN 5867-009-042) | | | 57,152.43 | |

Case 2:10-bk-21498-AA    Doc 49    Filed 03/01/11    Entered 03/02/11 17:09:17    Desc
Main Document    Page 18 of 61

se 2:10-bk-21498-AA    Doc 33    Filed 07/07/10    Entered 07/08/10 15:17:05    De
Main Document    Page 15 of 38

se 2:10-bk-21498-AA    Doc 12    Filed 04/09/10    Entered 04/09/10 15:48:54    Desc
Main Document    Page 23 of 41

**orm 6D) (12/07) - Cont.**

bsbach, James E.

| | | | Case No. **2:10-bk-21498** |
|---|---|---|---|
| Debtor(s) | | | (If known) |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| OR'S NAME AND MAILING ADDRESS NG ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED. NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UN POR |
|---|---|---|---|---|---|---|---|---|
| 0. 4251<br><br>d Loan Servicing, LLC<br>t Blvd, Suite 300<br>Ranch, CO 80129 | | | First Mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214<br><br>VALUE $ **700,000.00** | | | | 1,119,755.40 | 5 |
| 0. | | | VALUE $ | | | | | |
| 0. | | | VALUE $ | | | | | |
| 0. | | | VALUE $ | | | | | |
| 0. | | | VALUE $ | | | | | |
| 0. | | | | | | | | |

Case 2:10-bk-21498-AA    Doc 49    Filed 03/01/11    Entered 03/02/11 17:09:17    Desc
Main Document    Page 19 of 61

se 2:10-bk-21498-AA    Doc 33    Filed 07/07/10    Entered 07/08/10 15:17:05    De
se 2:10-bk-21498-AA    Doc12 DoFiledn04/09/PageEn9eof618    Desc
Main Document    Page 22 of 41

orm 6D) (12/07)

osbach, James E.                                                          Case No. 2:10-bk-21498
_____                                              _____
          Debtor(s)                                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

e, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the del
the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be
es to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of tru
s.

in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the chil
s "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secu
is page, use the continuation sheet provided.

other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the
itors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community
y placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."
e an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

mns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on
d schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Sc
an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summa
Related Data.

s box if debtor has no creditors holding secured claims to report on this Schedule D.

| OR'S NAME AND MAILING ADDRESS .G ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above )* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UN PORT |
|---|---|---|---|---|---|---|---|---|
| ). 3995 ial 'aul Place MD 21202 | | H | loan secured by 2003 Dodge 1500 auto  VALUE $ 16,830.00 | | | | 16,830.00 | |
| ). 1133 edit Management n Street r, NJ 07302 | | | second mortgage on 5443 Pine Cone Road, La Crescenta, CA 91214 opened: 5/1/2007  VALUE $ 700,000.00 | | | | 79,458.00 | |
| O. xxxx nark Resort Creek Drive ls, CA 92653 | | | Purchase of a time share resort interest opened 6/1/2000  VALUE $ 1,000.00 | | | | 109,102.60 | 1 |

# EXHIBIT C

This page is part of your document - DO NOT DISCARD

**20081904856**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/27/08 AT 10 27AM

| | Fees | S |
| --- | --- | --- |
| | Taxes | |
| | Other | |
| | Paid | S |

0002403117    200810270670012

L E A D    S H E E T

RDING REQUESTED BY

ECORDED MAIL TO

*JAMES E. KREBSBACH*

*5443 PINE CONE RD*

TE *LA CRESCENTA, CA*
*91214*

10/27/08

20081904856

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S U

TITLE(S)

*OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF*
*ES AND RENTS AND FINANCING STATEMENT*

Case 2:10-bk-21498-AA   Doc 49   Filed 03/01/11   Entered 03/02/11 17:09:17   Desc
e 2:10-bk-21498-AA   Doc 33-1   Filed 07/07/10   Entered 07/08/10 15:17:05
Main Document   Page 23 of 61
Part 2 of 2   Page 1 of 37

*Pait 2 of 2*

*10 - 21498AA*

quested by

ORDED, RETURN TO

tual Mortgage
22
a 91372

*Above Space for Recorder s Use*

# DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT

)OCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH SECTION 9402 OF THE
CALIFORNIA COMMERCIAL CODE (THE "California Commercial Code")
This is a counterpart of two deeds of trust recording securing one loan

IS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS /
FINANCING STATEMENT ("Deed of Trust"), made effective as of OCTOBER 21, 2008 by JAME
CH AN UNMARRIED MAN ("Trustor"), whose address is 5443 Pine Cone Rd , La    Crescenta,
e State of California is hereinafter sometimes referred to as the "State"), TO AND IN FAVOR OF  Rel
d Services, A California Corporation located at 19510 Ventura Blvd  Suite 214, Tarzana, CA 9
), SOFEN ENTERPRISES INC., A CALIFORNIA CORPORATION (collectively, the "Beneficia
ess is C/o American Mutual Mortgage, P O  BOX 8622, Calabasas, Ca 91372

S S E T H : To secure the payment of a debt described below (the "Debt"), Trustor hereby grants, barg
ansfers, and assigns to Trustee, in trust, WITH POWER OF SALE, all of the real property describe
" "A-1" attached hereto (the "Premises") and the buildings, structures, additions, enlargements, lot
additions, extensions, modifications, repairs and improvements now or hereafter located thereon
ments"),

)GETHER WITH   All right, title, interest and estate of Trustor now owned or hereafter acquired (
property, rights, interests, and estates (collectively called the "Trust Property")

) All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water r
s, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any n:
/ belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remain
d laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premi
line thereof and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rigl
property, possession, claim and demand, both in law and in equity, of Trustor in the Premises and ever
d all appurtenances thereto.

) All machinery, furniture, equipment, fixtures, material, appliances and other articles of personal prope

Case 2:10-bk-21498-AA   Doc 49   Filed 03/01/11   Entered 03/02/11 17:09:17   Desc
Main Document   Page 24 of 61
e 2:10-bk-21498-AA   Doc 33-1   Filed 07/07/10   Entered 07/08/10 15:17:05   D
Part 2 of 2   Page 2 of 37

sist of all appliances, awnings, window shades, drapery rods, brackets, screens, floor coverings, incmer
ing used in the operation of the Premises and Improvements (and all other personal property, either simil
to the foregoing usable in the operation of the Premises and Improvements and located in and on it), tog-
placements and substitutions therefor, now owned or hereafter acquired by Trustor and located in or on
nd Improvements, together with all materials intended for construction, reconstruction, alteration, and rep
vements (hereinafter collectively called the "Equipment"), together with all condemnation awards and r
rance policies and Leases described below pertaining to said Premises or the Improvements now or here
reon,

) All awards or payments, including interest, which may be made as to the Trust Property, whether fron
the right of eminent domain, constructive taking or for any other injury to or decrease in the value of the
collectively. "Awards"),

) All leases and other agreements affecting the use, enjoyment or occupancy of the Trust Property,
if any, and all rents and security deposits payable under the Leases, and other deposits, issues and profits
roperty (the "Rents"),

) All Policies (as defined herein) and their proceeds thereof and any unearned premiums on any insur
vering the Trust Property, including, the right to receive and apply the proceeds of any insurance, judgm
nts made in lieu thereof, for damage to the Trust Property, whether such insurance is or is not required by
ust,

) All utility deposits made to obtain or maintain utility services to the Premises or the Improvements,

) Any amounts in any escrow fund for the purposes of payment of taxes, insurance premiums or o
s as to the Trust Property,

) The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding broug
t Property and to commence any action or proceeding to protect the interest of Trustee and Beneficiary in
erty, and

) The products and proceeds of the property described in the above (a) through (h) inclusive

) HAVE AND TO HOLD the Trust Property upon and subject to the trusts and agreements set forth in
ust

    Secured Indebtedness   This Deed of Trust is given to secure the payment and performance o
obligations, indebtedness, and liabilities (the "Obligations")   (a) all Obligations of Trustor under
Note of this date payable to Beneficiary, in the principal amount of TWO HUNDRED EIG
ND DOLLARS ($ 280,000.00 ), as well as any other substituted note and all modifications, renew
of the note (the "Note") and the payee and all subsequent holders of the Note are collectively the "Benefici
ansaction creating the Note is the "Loan"), (b) all Obligations under this Deed of Trust as it may be ame
to time, (c) all present and future loans, advances, or other extensions of credit obtained by Trustor
y, and all promissory notes evidencing such present or future loans, advances, or other extensions of c
Trustor's Obligations under any present or future loan or credit agreement executed by Trustor, includi
n of Lessor's interest in Leases and Rents of the same date (the "Assignment"), including any other agree
dditional security interests (collectively, "Other Security Documents"), and all liabilities that Trustor
the future owe to Beneficiary   Collectively the Obligations referred to above are called the "Debt "

itwithstanding any provision of this Deed of Trust to the contrary, in no event shall this Deed of Trust secu

Case 2:10-bk-21498-AA   Doc 49   Filed 03/01/11   Entered 03/02/11 17:09:17   Desc
e 2:10-bk-21498-AA   Doc 33-1   Filed 07/07/10   Main Document   Entered 07/08/10 15:17:05   [
Part 2 of 2   Page 3 of 37

Representations, Warranties and Covenants

(a) Warranty of Title  Trustor warrants that Trustor has good title to the Trust Property and has d right to grant the security interests given in this Deed of Trust and that Trustor presently possesse ered fee simple estate in the Premises and the Improvements except for those shown in the title report for (the "Permitted Encumbrances"), and that this Deed of Trust is and will remain a valid and enforceable urity interest in the Trust Property, subject only to the Permitted Encumbrances  Trustor shall forever war l preserve such title and the validity and priority of the lien of this Deed of Trust, subject to the Perm nces, and shall forever warrant and defend the same to Beneficiary against the claims of all persons

(b) Representations and Covenants Concerning Loan  Trustor represents, warrants and covenan

(i) All certifications, permits, licenses and approvals, including certificates of completion permits required for the legal use, occupancy and operation of the Trust Property as currently oper ly, the "Licenses"), have been obtained and are in good standing (including, without limitation, any applic nse)  The Trustor shall keep and maintain all Licenses  The Trust Property is free of material damage and r, and there is no proceeding pending for the total or partial condemnation of, or affecting, the Trust Prope

(ii) All of the Improvements which were included in determining the appraised value o erty lie wholly within the boundaries and building restriction lines of the Trust Property, and no improven ng properties encroach upon the Trust Property, and no easements or other encumbrances upon the Pren upon any of the Improvements, so as to affect the value or marketability of the Trust Property except i insured against by the Beneficiary's policy of mortgagee's title insurance insuring the lien of this Deed of T Improvements comply with all material requirements of any applicable zoning and subdivision laws

(iii) The Trust Property is not subject to any Leases other than the Leases described in the red to Beneficiary in connection with this Deed of Trust  No person has any possessory interest in the r right to occupy the same except under and pursuant to the provisions of the Leases  The current Lease ling

(iv) The Trust Property is and shall at all times remain in compliance with all sta s, regulations and other governmental or quasi-governmental requirements and private covenants now or i ting to the ownership, construction, use or operation of the Trust Property

(v) There has not been committed by Trustor or, to Trustor's knowledge, any other pers of or involved with the operation or use of the Trust Property any act or omission affording the fe it or any state or local government the right of forfeiture as against the Trust Property or any part thereof o id in performance of Trustor's obligations under this Deed of Trust or any of the Other Security Docum reby covenants and agrees not to commit, permit or suffer to exist any act or omission affording such rig

(vi) Neither the execution and delivery of the Note, this Deed of Trust, or the Other Sec s, nor the Trustor's performance thereunder, nor the recordation of this Deed of Trust, nor the exercise o by Beneficiary, will adversely affect Trustor's rights under any of the Licenses

(c) Survival  The warranties of this Paragraph will survive foreclosure or enforcement of this De shall run with the Premises

(i) Commercial general liability (including contractual liability) insurance ("CGL Insura any and all liability of the insured arising out of the ownership, maintenance, use or occupancy of the and all operations incidental thereto said insurance to have limits of not less than Five Million D 00 00) combined single limit per occurrence for bodily injury, personal injury and property damage liability

(ii) Insurance ("Building Insurance") on all buildings, fixtures and improvements locate Property against "special perils" (including "ordinance or law coverage"), in amounts at least equal t f (x) the full replacement cost thereof (without deduction for depreciation) as such replacement cost sh: ed from time to time at the reasonable request of Beneficiary, or (y) unless prohibited by law, the u amount of the Debt    The Building Insurance shall include a co-insurance waiver or agreed an ent    Such insurance shall, during the course of any construction of additions to the Improvements, t orm Builder's Risk 100% Completed Value Non-Reporting Form or other form approved by Beneficiary.

(iii) Insurance on personal property against fire and any peril generally included withi tion of "extended coverage" ("Personal Property Insurance") in amounts at least equal to the replace reof,

(iv) Rental value or business interruption insurance (or a combination thereof as Benef ire) ("Rental Value or Business Interruption Insurance") on all buildings, fixtures, improvements, and ions located on and forming a part of the Trust Property as above described (including parking and cor ainst loss by the perils covered by the Building Insurance in amounts of not less than the amount of Tru oss income from the Trust Property or Trustor's debt service on the Trust Property (including required pay: :row Fund), for twelve (12) months, whichever is greater    Such Rental Value or Business Interruption Insu tain an endorsement extending the period of indemnity for not less than ninety (90) days after restoration o , fixtures and improvements is completed.

(v) If and whenever Trustor shall have employees, workers' compensation insurance as rec id employer's liability insurance with limits of liability of not less than $100,000/$500,000/$100,000,

(vi) If the Trust Property is located in an area which has been identified by the Secret: and Urban Development as a flood hazard area and in which flood insurance has been made available und Flood Insurance Act of 1968 (the "Act"), Trustor shall keep the Trust Property covered by flood insu Insurance") up to the maximum limit of coverage available under the Act, but not in excess of the amount I

(vii) Such other insurance with respect to the Trust Property in such amounts and agains hazards as Beneficiary from time to time may reasonably require ("Additionally Required Insurance") \ll insurance required hereunder, including the CGL Insurance (the "Policies"), shall provide that coverag evised, cancelled or reduced until at least thirty (30) days' written notice of such revision, cancellat i shall have been given to Beneficiary, be issued by insurance companies which are qualified to do busin , which have at least one of the following A M Best Co combinations of Best's Rating and Best Financi: · A-, XV, A, XIII, A+, IX, or A+, VIII. and which are satisfactory to Beneficiary in all other ways The CGL Insurance shall name Beneficiary as an additional insured, apply severally as to Trust ary (excepting the limits of liability), cover each of them as insureds in the same manner as if separate p issued to each of them (excepting the limits of liability), contain no provisions affecting any rights which uld have as claimants if not so named as insureds, and be primary insurance with any other valid and coll c available to Beneficiary constituting excess insurance

The Building Insurance, Personal Property Insurance, Rental Value or Business Interruption Insurance, and

(b) Delivery of Policy  Trustor will deliver to Beneficiary original binders or evidence of all rec
to Beneficiary and Trustor shall promptly furnish to Beneficiary copies of all renewal notices and all rec
emiums received by it  At least ten (10) days prior to the expiration date of a required policy, Trustor
Beneficiary a renewal binder or evidence of insurance in a form satisfactory to Beneficiary

(c) Assignment of Policy  If the Trust Property is sold at a foreclosure sale or if Beneficiary
le to the Trust Property, Beneficiary shall have all of the rights of Trustor to the Policies and the une
on them and to the proceeds resulting from any damage to Trust Property prior to such sale or acquisition

(d) Notice of Damage or Destruction, Adjusting Loss  If any part of the Trust Property is damag
by fire or other casualty, Trustor will promptly give written notice thereof to the insurance carrie
y, and will not adjust any damage or loss which exceeds $10,000 unless Beneficiary joins in such adjust
e has been no adjustment of any such damage or loss within four months from the date of occurrence and
Default exists at the end of such four-month period or at any time thereafter, Beneficiary may alone make
just and compromise any claim under the policies and appear in and prosecute any action arising from
In connection therewith, Trustor does hereby irrevocably authorize, empower and appoint Beneficia
-fact for Trustor (which appointment is coupled with an interest) to do any of the above in the name of Tr

(e) Application of Insurance Proceeds  All sums in excess of $10,000 paid under any insurance po
the Building Insurance, Personal Property Insurance, Rental Value or Business Interruption Insurance,
or Additionally Required Insurance (collectively the "Proceeds"), shall be paid to Beneficiary which m
(but subject to the provisions of this Paragraph), apply them, after first deducting Beneficiary's exp
n the collection thereof, to the payment of the Debt, whether or not due and in such order of applicati
y may determine, or to the repair, replacement, rebuilding or restoration of the Trust Property, in such m
ciary may determine    However, Beneficiary shall make all Proceeds (after first deducting there
y's reasonable expenses incurred in collecting them) available to Trustor to reimburse Trustor for Tru
costs of restoration, repair, replacement or rebuilding of the Improvements and Equipment, in accordance
s reasonably required by Beneficiary (and shall not be applied toward the payment of the Debt until
and repair of the Improvements and Equipment provided

(i) There is no Event of Default,

(ii) Trustor has notified Beneficiary of Trustor's intention to perform such restoration or
ty (30) days after adjusting the loss or casualty.

(iii) Beneficiary receives reasonably satisfactory evidence that the Premises and Equipment
restored or that by application of the Proceeds will be fully restored to their condition prior to the dama
, free and clear of all liens other than the Permitted Encumbrances,

(iv) If, in the reasonable judgment of Beneficiary, the Proceeds will be insufficient to resto
ents and Equipment to their condition prior to the damage or destruction, Trustor shall demonstra
y the availability of funds which, together with the Proceeds, are sufficient to restore the Improvemen
t to their condition prior to the damage or destruction, and

(v) There will, in the reasonable judgment of Beneficiary, remain sufficient time to comple
or repair of the Improvements and Equipment prior to the Date of Maturity (as defined in the Note)
ny Proceeds remaining after reimbursement of Trustor for its costs of restoring the Improvement
t, at Beneficiary's option, may be applied to partial prepayment of the Debt  Any such application

Case 2:10-bk-21498-AA    Doc 49    Filed 03/01/11    Entered 03/02/11 17:09:17    Desc
e 2:10-bk-21498-AA    Doc 33-1    Filed 07/07/10    Entered 07/08/10 15:17:05    [
Main Document    Page 28 of 61
Part 2 of 2    Page 6 of 37

Payment of Impositions  Subject to the payments in the manner provided in Paragraph 5 hereof a
8 relating to contests, Trustor shall pay when due all taxes (both real and personal), assessments,
ewer charges, ground rents, maintenance charges and all other charges, including, without limitation,
d license fees for the use of vaults, chutes and similar areas adjoining the Premises, now or hereafter levi
or imposed against the Trust Property (the "Impositions")  Trustor will deliver to Beneficiary, upon rec
satisfactory to Beneficiary that the Impositions are not delinquent  Trustor shall not permit and shall pro
discharged any lien or charge which becomes a lien or charge against the Trust Property, and shall prompt
ity services provided to the Trust Property

Escrow Fund  At the option of the Beneficiary, Beneficiary may require Trustor to establish an Es
ined below) sufficient to pay all Impositions and all insurance premiums for all Policies (the "Insur
s") pursuant to this Deed of Trust  Initial deposits of Impositions and Insurance Premiums shall be ma
Beneficiary in amounts determined by Beneficiary in its discretion on the date hereof to be held by Benefi
it, in escrow  Additionally, Trustor shall pay to Beneficiary on the first day of each calendar month one-tw
unt which would be sufficient to pay the Impositions and Insurance Premiums upon the due dates for their
osits and the amounts referred to in the previous sentence shall be called the "Escrow Fund")  Trustor a
Beneficiary immediately of any changes to the amounts, schedules and instructions for payment of
is and Insurance Premiums and authorizes Beneficiary or its agent to obtain the bills for Impositions du
ppropriate tax or insurance authority  The Escrow Fund and the payments of interest or principal or both t
shall be added and paid together  Provided there are sufficient amounts in the Escrow Fund and no Eve
ists, Beneficiary shall pay the Impositions and Insurance Premiums when due with funds from the Es
he Escrow Fund is insufficient to pay the items set forth above, Trustor shall pay, upon demand, to Benefi
ige  Unless otherwise required by applicable law, no earnings or interest on the Escrow Fund shall be pa

Liens  Subject to Paragraph 8 hereof relating to contests, the Trustor shall not create or permit any
nce or charge on the Trust Property inferior to the lien of this Deed of Trust  Trustor shall pay, when du
(i) all persons supplying labor or materials to or in connection with the Trust Property, and (ii) register
urveyors or engineers, or licensed architects, or their professional consultants supplying professional servi
n with the Trust Property

Compliance with Laws  Subject to Paragraph 8 relating to contests, Trustor shall comply with all pr
: statutes, laws, rules, orders, regulations and ordinances affecting the Trust Property, any part thereof or th
d shall comply with all covenants, conditions and restrictions applicable to the Trustor which are contain
nents constituting a Permitted Encumbrance

Permitted Contests  The Trustor shall not be required to (i) pay any tax, assessment or other c
o in paragraph 4, (ii) discharge or remove any lien, encumbrance or charge referred to in Paragraph
ly with any statute, law, rule, regulation or ordinance referred to in Paragraph 7, if Trustor (a) contests, in
existence, the amount or the validity of the item, and (b) shall give such security to Beneficiary as in
y demanded by Beneficiary to ensure compliance with the foregoing provisions of this Paragraph  Trustor
pt written notice to Beneficiary of the commencement of any contest referred to in this Paragraph

Case 2:10-bk-21498-AA   Doc 49   Filed 03/01/11   Entered 03/02/11 17:09:17   Desc
Main Document   Page 29 of 61
e 2:10-bk-21498-AA   Doc 33-1   Filed 07/07/10   Entered 07/08/10 15:17:05   C
Part 2 of 2   Page 7 of 37

ry Trustee and Beneficiary may appear in any such proceedings and participate in any such negotiation
epresented by counsel  Trustor, notwithstanding that Trustee and Beneficiary may not be a party to any
ig, will promptly give to Trustee and Beneficiary copies of all notices, pleadings, judgments, determination
ers received by Trustor therein  Trustor will not enter into any agreement permitting or consenting to the t
ust Property, or any part thereof, or providing for the conveyance thereof in lieu of condemnation, t
ry has first consented thereto in writing, which consent shall not be unreasonably withheld or delayed
vards shall be adjusted jointly by Trustor and Beneficiary  All awards payable as a result of a Taking o
0,000 shall be paid to Beneficiary  Beneficiary may, at its option, apply the proceeds, after first deducti
incurred in the collection of them, to the payment of the Debt, whether or not due and in such orc
n as Beneficiary may determine, or to the repair, replacement, rebuilding or restoration of the Trust Proper
ner as Beneficiary may determine, _provided_, _however_, that any such application of any award payable as a
ig, to the payment of the Debt, shall be without prepayment premium or penalty

(b)  All Awards that exceed $10,000 shall be paid to Beneficiary  Beneficiary shall make all Av
t deducting Beneficiary's expenses to collecting the Award) available to Trustor to reimburse Trustor f
e costs of restoration, repair, replacement or rebuilding of the Improvements, _subject_, _however_ to cond
lly similar to the conditions imposed under the terms of _Paragraph 3(c)_ above, relating to the use of Proc
ss portion of any Award shall applied to partial prepayment of the Debt, without prepayment premi
d shall not extend or postpone the due dates of monthly payments

(c)  TRUSTOR HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ALL RIGHT
RTY OWNER UNDER SECTION 1265 225(A) OF THE CALIFORNIA CODE OF CIVIL PROCEDUR
CCESSOR STATUTE PROVIDING FOR THE ALLOCATION OF CONDEMNATION PROCE
N A PROPERTY OWNER AND A LIEN HOLDER

)  Leases and Rents  Trustor agrees that Beneficiary has the right to enter the Trust Property fo
f enforcing its interest in the Leases and the Rents  Nevertheless, subject to the terms of this Parag
y grants Trustor a limited license to collect the Rents  Trustor shall hold the Rents, or that portion th
to discharge all current sums due and unpaid by Trustor under the terms of the Note, whichever is less, in
the payment of the Debt

pon the occurrence of an Event of Default, Trustor's limited license to collect Rents shall automat
and any rents previously collected and in Trustor's possession shall thereafter be held in trust for payme
Beneficiary may enter upon the Trust Property, collect and retain the Rents and apply the Rents to
if the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper  All Major T
defined below) entered into subsequent to the date hereof shall be approved, in writing, by Beneficiary
rustor shall furnish Beneficiary with executed copies of all Leases  In addition, all renewals of Leases an
Leases shall provide for rental rates comparable to existing local market rates (taking into account reaso
periods or other promotional discounts consistent with local market conditions) and shall be arm's length of
All Leases shall provide that they are subordinate to this Deed of Trust, and that the lessee attor
ry  Trustor shall not, without the consent of Beneficiary, cancel any Major Tenant Lease or accept prepayi
nents of Rent under a Major Tenant Lease for a period of more than one (1) month in advance or further a
or any part of the Leases or the Rents  Trustor shall perform each provision of every Lease  All security
osits received by Trustor under any Lease shall be maintained in a separate account at a bank, and shall n
ed with Trustor's other funds  If an Event of Default occurs, Beneficiary, at its option, may require Trus
tly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair rental value for the

Case 2:10-bk-21498-AA    Doc 49    Filed 03/01/11    Entered 03/02/11 17:09:17    Desc
e 2:10-bk-21498-AA    Doc 33-1    Filed 07/07/10    Entered 07/08/10 15:17:05    D
Main Document    Page 30 of 61
Part 2 of 2    Page 8 of 37

uare feet of the Premises, or which is for a term of at least 10 years, or which otherwise represents at least
n total of the Rent under all Leases of the Trust Property

1    Preservation and Maintenance of Trust Property    Trustor (i) shall keep the Improvements no
erected on the Premises in safe and good repair and condition, ordinary depreciation excepted, (ii) shall,
or destruction of the Trust Property or any part thereof by fire or other casualty, restore, repair, replace or re
t Property that is damaged or destroyed to the condition it was in immediately prior to such dama
on, whether or not any insurance proceeds are available or sufficient for such purpose, provided, however, t
ary shall apply all the insurance proceeds or any portion thereof to payment of the Debt, Trustor shall hav
i lieu of completing such repair, replacement, rebuilding or restoration, to pay in full the Note and the
hout payment of a premium or penalty, (iii) shall constantly maintain the parking and landscaped areas i
operty, (iv) shall not commit waste or permit impairment or deterioration of the Trust Property, (v) sha
additions to existing buildings or additional buildings on the Premises without the prior written consent o
ary, which consent shall not be unreasonably withheld or delayed, (vi) shall not remove from the Premises a
es and personal property included in the Trust Property unless the same is immediately replaced with pro
st equal value and utility, and this Deed of Trust becomes a valid first lien on such property, and (vii)
the roofs of the Improvements in safe, sound and good repair and condition

2    Transfer or Encumbrances of the Trust Property    Trustor acknowledges that Beneficiary has exan
creditworthiness of Trustor and Trustor's experience in owning and operating properties such as the
in determining whether or not to make the Loan, that Beneficiary has relied on Trustor's creditworthines
:e in deciding to make the Loan, and that Beneficiary will continue to rely on Trustor's ownership of the
as a means of maintaining the value of the Trust Property as security for repayment of the Debt    T
:dges that Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure t
efaults in the repayment of the Debt, Beneficiary can recover the Debt by a sale of the Trust Property    If T
:hout the prior written consent of Beneficiary, further encumber the Trust Property with any lien impos
on with any other financing, or sell, transfer or convey any part of the Trust Property or the right to mana
ie operation of any part of the Trust Property, the entire Debt shall become due, at the option of Beneficia
isfer or conveyance within the meaning of this Paragraph shall be deemed to include (i) an installment
it in which Trustor agreement in which Trustor agrees to sell any part of the Trust Property for a price to b
ments, (ii) an agreement by Trustor leasing all or a substantial part of the Trust Property, or a sale, p
nt or other transfer of, or the grant of a security interest in, Trustor's right, title and interest in any Leases o
t) if Trustor is a corporation or a limited partnership with a corporate general partner, the transfer of stock
or its corporate general partner to parties who do not now hold a controlling interest, (iv) if Trustor is a gene
artnership, joint venture, or other form of partnership (a "Partnership"), a transfer of any general partne
or the admission of any new general partner, and (v) if Trustor is a limited liability company or a li
ip with a limited liability company as general partner, the transfer of membership interests in the Trustor
iability company general partner (or the stock or membership interests in any corporation or limited li
controlling Trustor or its limited liability company general partner) or the creation or issuance o
hips in Trustor or its limited liability company general partner to parties who do not now own a contr
Beneficiary reserves the right to condition its consent upon a modification of the terms of this Deed of Tru

Case 2:10-bk-21498-AA   Doc 49   Filed 03/01/11   Entered 03/02/11 17:09:17   Desc
e 2:10-bk-21498-AA   Doc 33-1   Filed 07/07/10   Entered 07/08/10 15:17:05   [
Main Document
Part 2 of 2   Page 9 of 37   Page 31 of 61

:e, or further encumbrance of the Trust Property regardless of whether voluntary or not or whether c
y has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Pro
of whether voluntary or not or whether or not Beneficiary has consented to any previous sale, tra
:e, or further encumbrance of the Trust Property

Estoppel Certificates  After request by Beneficiary, Trustor, within ten (10) days and at its expense
e Beneficiary with a statement, duly certified, confirming or otherwise setting forth the original pri
the Note, the unpaid principal amount of the Note, the rate of interest on the unpaid principal amount c
dates installments of interest (or any principal) were last paid, the offsets or defenses to the payment c
ay, and that the Note and this Deed of Trust are valid, legal and binding obligations and have not been mo
ified, giving particulars on such modification

Notices  Any notice, demand, statement, request, or consent made under this Deed of Trust shall
id shall be deemed given when hand delivered, or within three (3) days after the date sent by certified
ript requested, as the next business day after the date sent by nationally recognized overnight mail or c
the address, as set forth above, of the party to whom such notice is to be given, or to such other addr
rustee or Beneficiary, as the case may be, shall in like manner designate in writing

Trustor hereby requests that, unless otherwise prescribed by law, a copy of any notice of default or
rsuant to the nonjudicial foreclosure of this Deed of Trust be mailed to Trustor at the mailing address set
imble above

Sale of Trust Property  If this Deed of Trust is foreclosed, the Trust Property, or any interest th
: discretion of Beneficiary be sold in one or more parcels or in several interests or portions and in any or
may be permitted by applicable law

Right of Entry  Beneficiary and its agents shall have the right to enter and inspect the Trust Prop
able times upon notice to Trustor

7   Books and Records  Trustor shall keep adequate books and records of account and furnish Benef
icial statements prepared by a certified public accountant reasonably acceptable to Beneficiary, and
on concerning the affairs of Trustor as Beneficiary may reasonably request, in form and detail reasonably
Beneficiary, including, annual statements of income and expense related to the operation of the Trust Pr
: a current rent roll, gross rental income, other income, real estate taxes, insurance, operating expense
on), a copy of Trustor's federal income tax return (including all supporting schedules) within 90 days af
:h fiscal year, and from time to time, interim financial statements and other information as reasonably req
iciary  All such financial statements, and other information shall be certified to be true and accurate
I responsible for the financial affairs of Trustor, in such individual's individual capacity   In the event tha
statements and other information are not furnished to Beneficiary by Trustor, or, if furnished, are not in :
y acceptable to Beneficiary, Beneficiary may, in addition to any other remedies which Beneficiary has
of Trust, the Note, or any of the Other Security Documents, audit the books and records of Trustor, a
if the audit shall be added to the Debt  Immediately upon the appointment of a receiver of the Trust Prop
of competent jurisdiction, Trustor shall deliver all books and records or other documents required
:d under the terms of this section to such receiver

12

19    Events of Default  Any one or more of the following events shall be an event of default (an "Event of Default") under this Deed of Trust

(a)    If any payment under the Note is not paid within any grace period in the Note, or if any other monetary obligation of Trustor to Beneficiary the Note, this Deed of Trust or the Other Security Documents is not paid within the due date and any specified grace period, or

(b)    If any of the Impositions is not paid before it becomes delinquent, or

(c)    If the Policies are not kept in good standing, or

(d)    If Trustor does not comply with the provisions of Paragraph 12 of this Deed of Trust, or

(e)    If any representation or warranty of Trustor, or of any person guaranteeing or otherwise liable for payment of the Debt (a "Guarantor") or in any such Guaranty, or in any certificate, report, financial statement or other instrument furnished in connection with the making of the Note, this Deed of Trust, or any such Guaranty, shall be false or misleading in any material respect and the inaccuracy is not cured to the reasonable satisfaction of Beneficiary, within fifteen (15) days after written notice from Beneficiary to Trustor provided, however, that if the default is of a kind that it cannot be cured within 15 days, then Trustor shall not be in default if Trustor commences curing the default within a reasonable time and diligently completes the cure within a reasonable time, but not more than 60 days after the date of the original written notice, or

(f)    If Trustor or any Guarantor makes an assignment for the benefit of creditors, or

(g)    If a receiver, liquidator or trustee of Trustor or of any Guarantor shall be appointed or if Trustor or any Guarantor is adjudicated a bankrupt or insolvent, or if any petition for bankruptcy, reorganization or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, is filed by or against Trustor or any Guarantor, or if any proceeding for the dissolution or liquidation of Trustor or of any Guarantor is instituted and, if such appointment, adjudication, petition or proceeding was involuntary, if it is not discharged, stayed or dismissed within thirty (30) days or if Trustor is generally not paying its debts as they become due, or

(h)    If Trustor defaults under any other mortgage, deed of trust or security agreement covering any part of the Trust Property whether it be superior or inferior to the lien of this Deed of Trust, and if such default is not cured within any applicable cure or grace period, or

(i)    If the Trust Property is subjected (i) to any lien which is superior to the lien of this Deed of Trust, other than a lien for local real estate taxes and assessments not yet delinquent and any Permitted Encumbrances, or (ii) to any mechanic's, materialmen's, construction, or other lien which is superior to the lien of this Deed of Trust and such lien remains undischarged for thirty (30) days

If one or more of the Events of Default occurs, the Debt shall include interest on the Debt at the Default Rate as defined in the Note upon any unpaid portion of the Debt and the entire Debt shall become immediately due and payable at the option of the Beneficiary, without further notice or demand, and, in addition, whether or not Beneficiary exercises its option, it may exercise all rights and remedies available to it under the law, including the following

(j)    Beneficiary may enter upon, take immediate possession of, manage, and operate the Trust Property or any part thereof, make repairs and alterations and do any acts that Beneficiary deems reasonable to protect the security of the Deed of Trust, including remedies contained in any of the Other Security Documents, and either with or without taking possession, in its own name, collect the rents, issues and profits, including those past due and unpaid, and apply the rents, less costs and expenses of operation and collection, including reasonable attorneys' fees and the Beneficiary's costs, upon the Debt and in such order as Beneficiary determines  If Beneficiary requests, Trustor shall assemble and make available to Beneficiary at the Premises any of the Trust Property that has been removed  None of the foregoing actions shall cure or waive any Event of Default and Beneficiary shall be entitled to exercise every remedy allowed in this Deed of Trust or by law after an Event of Default

(k)    Beneficiary shall be entitled to the immediate ex parte appointment of a receiver, without notice, to take possession of and protect the Trust Property and to operate it and collect the rents, issues and profits from it

- 10 -

First Trust Deed
Parcel #2 - Commitment Deed of Trust
JAMES E  KREBSBACH
VACANT LAND, LA CRESCENTA  CA
APN  5807-012-012

Initial

13

(l) Beneficiary may bring suit to foreclose this Deed of Trust or to enforce any of its provisions

(m) Trustee may, and upon Beneficiary's request, elect to sell the Trust Property or its parts as follows

(i) Trustee may proceed as if all of the Trust Property were real property in accordance with subparagraph (iv) below, or Trustee may elect to treat any of the Trust Property which consists of a right in action or which is property that can be severed from the Premises without causing structural damage thereto as if the same were personal property and dispose of the same in accordance with subparagraph (iii) below, separate from the sale of real property, the remainder of the Trust Property being treated as real property

(ii) Trustee may cause any such sale or other disposition to be conducted immediately following the expiration of any grace period, if any, provided in this Deed of Trust or the Note, or Trustee may delay any such sale or other disposition as Trustee deems to be in its best interest  If Trustee conducts more than one sale, Trustee may, at its option, cause the sales to be conducted simultaneously, or successively on the same day, or at different days or times and in such order as Trustee may deem to be in its best interest

(iii) If Trustee elects to dispose of personal property as permitted in subparagraph (i) above, it or Beneficiary may dispose of any part thereof in any manner permitted by Article 9 of the California Commercial Code  Both Trustor and Beneficiary shall be eligible to purchase any part of such property at any sale  Any such disposition may be either public or private, as Trustee or Beneficiary may so elect, subject to the provisions of the California Commercial Code  Trustee or Beneficiary shall give Trustor at least ten (10) days' prior written notice of the time and place of any public sale or other disposition of such property, and if such notice is sent to Trustor at the address above, it shall constitute reasonable notice to Trustor

(iv) If Trustee elects to sell the Trust Property which is real property or which it has elected to treat as real property, upon such election, Trustee shall give such Notice of Default and election to sell as may then be required by law  Thereafter, upon the expiration of such time and the giving of such Notice of Sale as may then be required by law, Trustee, at the time and place specified by the Notice of Sale, shall sell such Trust Property, or any portion thereof specified by Trustee, at public auction to the highest bidder for cash in lawful money of the United States  Trustee may, and upon request of Beneficiary shall, from time to time, postpone the sale by public announcement at the time and place noticed for the sale  If the Trust Property consists of several lots or parcels, Trustee may designate the order in which such lots or parcels are offered for sale or sold  Any person, including Trustor, Trustee, or Beneficiary may purchase at the sale  At the sale the Trustee shall execute and deliver to the purchaser, a deed conveying the property so sold, but without any covenant or warranty, express or implied, after which the purchaser shall be entitled to immediate possession

(v) This instrument shall be effective as a mortgage as well as a deed of trust and if an Event of Default occurs, may be foreclosed as to any of Trust Property in any manner permitted by the laws of the State, and any foreclosure suit may be brought by the Trustee or by the Beneficiary  In a foreclosure is commenced by the then Trustee, the Beneficiary may at any time before the sale of the Trust Property direct the Trustee to abandon the sale, and may then institute or complete a suit for the collection of the Note and the other Debt, and for judicial foreclosure of this Deed of Trust  It is agreed that if the Beneficiary institute a suit for the collection of the Note or any other Debt and for the judicial foreclosure of this Deed of Trust, the Beneficiary may at any time before the entry of a final judgment in said suit dismiss it, and require the Trustee to sell the Trust Property under the provisions of this Deed of Trust

(vi) The recital of facts, such as default, the giving of Notice of Default, and Notice of Sale, terms of sale, purchaser, payment of purchase money, and any other fact affecting the regularity or validity of such sale or disposition in a trustee's deed or other conveyance, shall be conclusive proof of the truth of those facts and conclusive against all persons

(vii) The proceeds of any sale or disposition, together with any other sums which then may be held by Trustee or Beneficiary, shall be applied as follows  FIRST, to the expenses of such sale or disposition together with Trustee's fees and reasonable attorneys' fees and expenses, Beneficiary's costs and the actual cost of publishing, recording, mailing and posting notice, SECOND, to the cost of any search or other policy of title procured in connection

- 11 -

Initial

14

with the sale, if applicable, and recordation and transfer taxes and other charges, if any, on any release or deed of reconveyance, THIRD, to the payment of all amounts secured by this Deed of Trust, the Note and the Other Security Documents, and all other sums due Beneficiary from Trustor. FOURTH, to all other sums secured hereby, and the remainder, if any, to the person or persons legally entitled thereto in the order of their priority

Without limiting the generality of the foregoing, Trustee is expressly authorized to conduct a "unified sale" under Section 9501(4) of the California Commercial Code

Any payment of the principal amount of Debt subsequent to the entire amount of the Debt becoming immediately due and payable under the terms of this Paragraph shall be deemed a prepayment of such principal amount subject to liquidated damages as specified under the terms of the Note

The Beneficiary shall have the right to become the purchaser at any sale held by any Trustee or by any receiver or public officer, and Beneficiary shall have the right to credit upon the amount of the bid made, to the extent necessary to satisfy such bid, the Debt owing to Beneficiary, or if Beneficiary holds less than all of such indebtedness the pro rata part owing to Beneficiary, accounting to all other beneficiaries or noteholders not joining in such bid in cash for the portion of such bid or bids apportionable to such nonbidding beneficiary or noteholder

The Trustee may be removed at any time with or without cause by an instrument in writing executed by the Beneficiary, or if there is more than one Beneficiary, by a writing executed by a majority in ownership of the Beneficiaries   In case of the death, resignation, removal or disqualification of the Trustee or if for any reason the Beneficiary shall deem it desirable to appoint a substitute or successor trustee to act instead of the herein named Trustee or any substitute or successor trustee, then the Beneficiary shall have the right and hereby is authorized and empowered to appoint a successor trustee, or a substitute trustee, without other formality than appointment and designation in writing executed by the Beneficiary and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the Debt finally has been paid in full or until the Trust Property is sold   All references herein to the Trustee shall refer to the Trustee from time to time acting hereunder

20   Right to Cure Defaults   If an Event of Default occurs, Beneficiary may, but is not required to, and without notice to or demand on Trustor and without releasing Trustor from any obligation, make or do the same in such manner and to such extent as Beneficiary may deem necessary or advisable to protect the security hereof   Beneficiary is authorized to enter upon the Trust Property for such purposes, or appear in, defend, or bring any action or proceeding to protect its interest in the Trust Property or to foreclose this Deed of Trust or collect the Debt, and the cost and expense thereof (including attorneys' fees and expenses) with interest as provided in this Paragraph, shall be due upon demand from Beneficiary to Trustor   All such costs and expenses incurred by Beneficiary in remedying such Event of Default or in appearing in, defending, or bringing any such action or proceeding shall be paid at the Default Rate as stated and defined in the Note and secured by this Deed of Trust

21   Non-Waiver   Beneficiary's failure to insist upon strict performance of a term of this Deed of Trust shall not be a waiver of any term of this Deed of Trust   Trustor shall not be relieved of its obligations because (i) Beneficiary fails to comply with any request of Trustor or any Guarantor to take any action to foreclose this Deed of Trust or otherwise enforce any of its provisions or of the Note or Other Security Documents, (ii) any part of the Trust Property is released or substituted, or (iii) Trustor or Beneficiary extend the time of payment or otherwise modify or supplement the terms of the Note, this Deed of Trust or the Other Security Documents   Beneficiary may resort to any other security held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect   The rights of Beneficiary under this Deed of Trust shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others   No act of Beneficiary shall be construed as an election to proceed under any one provision to the exclusion of other provisions

This Trust Deed
Parcel #2 - Counterpart Deed of Trust
JAMES I. KRrOSHACH
VACANT LAND, LA CRESCENTA, CA
APN 5801-009-042

Initial

15

22    Liability   If Trustor consists of more than one person as individuals or as partners, the obligations and liabilities of each such person hereunder shall be joint and several

23    Security Agreement   This Deed of Trust is both a real property Deed of Trust and a "security agreement" within the meaning of the California Commercial Code   The Trust Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Trust Property   TRUSTOR HEREBY GRANTS TO BENEFICIARY, AS SECURITY FOR THE DEBT, A SECURITY INTEREST IN THE TRUST PROPERTY TO THE FULL EXTENT THAT THE TRUST PROPERTY MAY BE SUBJECT TO THE CALIFORNIA COMMERCIAL CODE OR THE UNIFORM COMMERCIAL CODE OF ANY OTHER STATE OR STATES WHERE THE TRUST PROPERTY IS SITUATED (said portion of the Trust Property so subject to a Commercial Code being called in this Paragraph the "Collateral")   If an Event of Default occurs, Beneficiary shall have and may exercise immediately and without demand, all rights and remedies granted to a secured party upon default under the California Commercial Code, including, the right to take possession of the Collateral, and to take such other measures as Beneficiary may deem reasonably necessary or advisable for the care, protection and preservation of the Collateral   Trustor shall pay to Beneficiary on demand any expenses, including attorneys' fees and expenses, incurred by Beneficiary in protecting its interest in the Collateral and in enforcing its rights to the Collateral   Any notice of sale, disposition or other intended action by Beneficiary as to the Collateral sent to Trustor at least ten (10) days prior to such action, shall constitute reasonable notice to Trustor   The proceeds of any disposition of the Collateral may be applied by Beneficiary to the payment of the Debt in the priority and proportions as Beneficiary in its discretion shall deem proper

24    Fixture Filing   From the date of its recording, this Deed of Trust shall be effective as a financing statement filed as a fixture filing with a to all goods constituting part of the Trust Property which are or become fixtures related to the real estate described in this Deed of Trust   For this purpose, the following information is set forth

(a)    Name and address of Debtor

    JAMES KREBSBACH
    5443 Pine Cone Rd ,
    La Crescenta, CA 91214,

(b)    Name and Address of Secured Party

    SOFEN ENTERPRISES, INC
    c/o American Mutual Mortgage,
    P O BOX 8622, Calabasas, Ca 91372

(c)    This document covers goods that are or are to become fixtures
(d)    Description of Real Estate   See Exhibit "A"
(e)    Owner of Record of Real Estate  Debtor
(f)    This Financing Statement covers Proceeds
(g)    Products of the Collateral are also covered

25    Authority   Trustor has full power, authority and legal right to execute this Deed of Trust, and to create the security interest in the Trust Property contained in this Deed of Trust and to keep and observe all of the terms of this Deed of Trust

First Trust Deed
Parcel #2 - Counterpart Deed of Trust
JAMES B KREBSBACH
VACANT LAND  LA CRESCENTA  CA
APN  5867 009-032

- 13 -

Initial  _Jack_____

*10*

26    Actions and Proceedings  Trustee and Beneficiary have the right to appear in and defend any action or proceeding affecting the Trust Property and to bring any action or proceeding, in the name of Trustor, which Trustee and Beneficiary, in their discretion, decide should be brought to protect their interests in the Trust Property  Trustee and Beneficiary shall, at their option, be subrogated to the lien of any mortgage, deed of trust, or other security instrument discharged in whole or in part by the Debt, and any such subrogation rights shall constitute additional security for the payment of the Debt

27    Inapplicable Provisions  Whenever possible, each provision of this Deed of Trust shall be interpreted as effective and valid under applicable law, but if any provision of this Deed of Trust is prohibited or invalid, it shall be ineffective to the extent necessary to make the remaining provisions valid

28    Duplicate Originals  This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be one and the same instrument

29    Certain Definitions  Words used in this Deed of Trust in singular or plural form shall include the other, and the word "Trustor" shall mean "each Trustor or any subsequent owner or owners of the Trust Property or any part thereof or any interest therein," the word "Trustee" shall mean "Trustee and any successor trustee appointed by Beneficiary according to law," the word "Beneficiary" shall mean "Beneficiary or any subsequent holder of the Note or any part thereof or any of the Debt," and the word "Note" shall mean "the Note or any other evidence of indebtedness secured by this Deed of Trust," the word "person" shall include an individual, corporation, partnership, trust, unincorporated association, government, governmental authority, or other entity, the words "Trust Property" shall include any portion of the Trust Property or interest in it, and the word "Debt" shall mean the principal balance of the Note with interest as provided in the Note and this Deed of Trust and all other indebtedness, obligations, and liabilities due pursuant to the Note, this Deed of Trust, or the Other Security Documents,  whenever the context may require  any pronouns used shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa

30    No Oral Change  This Deed of Trust may not be modified, amended, changed, discharged, waived or terminated orally, but only by a writing signed by the person against whom the enforcement of the modification, amendment, change, waiver, discharge or termination is sought

31    WAIVERS  TO THE EXTENT PERMITTED BY LAW, TRUSTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING BROUGHT BY EITHER PARTY AGAINST THE OTHER ARISING OUT OF OR CONNECTED WITH THIS DEED OF TRUST OR THE DEBT

32    Further Acts, Etc  Trustor will, at its cost, do, execute, acknowledge and deliver all other acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall require for to facilitate the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust and, on demand, will execute and deliver any financing statement, chattel mortgages or comparable security instruments, to evidence more effectively the lien upon the Trust Property

33    Headings, Etc  The headings and captions of various paragraphs of this Deed of Trust are for convenience of reference only and are not to be considered as affecting the contents of the paragraphs

34    Filing of Deed of Trust, Etc  Trustor shall pay all filing, registration or recording fees and all attorneys' fees, commissions, and expenses for the preparation, execution and acknowledgment of the Note, this Deed of Trust, and the Other Security Documents

- 14 -

First Trust Deed
Parcel #2 – Construction Deed of Trust
JAMES E  KREUSHACH
VACANT LAND, LA CRESCENTA  CA
APN  5867-009-042

Initial _____

17

35    Usury Laws  No terms of this Deed of Trust, the Note, or any of the Other Security Documents, shall be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the Maximum Rate (as such term is defined in the Note)  The Trustor shall never be required to pay interest at a rate in excess of the Maximum Rat  The provisions of this Paragraph shall control over all other provisions of any other instrument executed in connection herewith or executed to secure the Debt that is in apparent conflict with this Paragraph  If Beneficiary collects monies that are deemed to be interest that would increase the effective interest rate on the Note to a rate in excess of the Maximum Rate, all such excessive sums shall be applied to the reduction of the unpaid principal balance and not to the payment of interest, and if a surplus remains after full payment of principal and lawful interest, the surplus shall be refunded to Trustor in cash and Trustor hereby agrees to accept such refund

36    INDEMNIFICATION   TRUSTOR SHALL PROTECT, INDEMNIFY AND SAVE HARMLESS TRUSTEE AND BENEFICIARY FROM ALL LIABILITIES, OBLIGATIONS, CLAIMS, DAMAGES, PENALTIES, CAUSES OF ACTION, COSTS AND EXPENSES (INCLUDING WITHOUT LIMITATION REASONABLE ATTORNEYS' FEES AND EXPENSES) IMPOSED UPON OR INCURRED BY OR ASSERTED AGAINST TRUSTEE OR BENEFICIARY BECAUSE OF (A) FRAUD OR MATERIAL MISREPRESENTATION BY OR ON BEHALF OF THE TRUSTOR, (B) ANY FAILURE ON THE PART OF TRUSTOR TO PERFORM OR COMPLY WITH ANY OF THE TERMS OF THIS DEED OF TRUST OR THE OTHER SECURITY DOCUMENTS, (C) OWNERSHIP OF THE TRUST PROPERTY OR ANY INTEREST IN IT OR THE RECEIPT OF ANY RENTS, (D) ANY ACCIDENT, INJURY TO OR DEATH OF PERSONS OR LOSS OF OR DAMAGE TO PROPERTY OCCURRING IN, ON OR ABOUT THE TRUST PROPERTY, (E) ANY USE, NONUSE OR CONDITION IN, ON OR ABOUT THE TRUST PROPERTY OR ANY PART THEREOF, OR (F) PERFORMANCE OF ANY LABOR OR SERVICES OR THE FURNISHING OF ANY MATERIALS OR OTHER PROPERTY TO THE TRUST PROPERTY, WHETHER OR NOT CAUSED IN WHOLE OR IN PART BY THE NEGLIGENT ACTS OR OMISSIONS OF THE BENEFICIARY OR INDIVIDUALS OR ENTITIES ACTING AS THE AGENTS OR EMPLOYEES OF BENEFICIARY   HOWEVER, SUCH INDEMNITY SHALL NOT APPLY TO MATTERS CAUSED BY OR ARISING OUT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF TRUSTEE OR BENEFICIARY, OR ANY OF ITS AGENTS, OR AS TO LIABILITIES, OBLIGATIONS, CLAIMS, DAMAGES, PENALTIES, CAUSES OF ACTION, COSTS AND EXPENSES BASED SOLELY ON FACTS OR CIRCUMSTANCES OCCURRING ONLY SUBSEQUENT TO SUCH TIME, IF ANY, THAT BENEFICIARY BECOMES THE OWNER OF THE TRUST PROPERTY BY WAY OF FORECLOSURE OF THE LIEN OF THE DEED OF TRUST, DEED IN LIEU OF SUCH FORECLOSURE, OR OTHERWISE   ANY AMOUNT PAYABLE TO TRUSTEE OR BENEFICIARY BECAUSE OF THE APPLICATION OF THIS PARAGRAPH SHALL BECOME IMMEDIATELY DUE AND PAYABLE UPON DEMAND BY BENEFICIARY, AND SHALL BEAR INTEREST AT THE DEFAULT RATE, AS STATED AND DEFINED IN THE NOTE, FROM THE DATE OF SUCH DEMAND   THE OBLIGATIONS OF TRUSTOR UNDER THIS PARAGRAPH SHALL SURVIVE ANY TERMINATION OR SATISFACTION OF THIS DEED OF TRUST

37    Reconveyance of Trust Property  Upon payment of all sums secured by this Deed of Trust, the Trustee shall reconvey all of the Trust Property to the person or persons entitled to such reconveyance

38    Governing Law  This Deed of Trust shall be governed and construed under California law

39    Duties and Obligations of Trustee  Trustor agrees that  (a) the duties and obligations of Trustee shall be determined solely by the express provisions of this Deed of Trust and the Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Deed of Trust, and no implied covenants or obligations shall be imposed upon Trustee, (b) no provision of this Deed of Trust shall require Trustee to expend or risk

Fee Trust Deed
Parcel #2 – Counterpart Deed of Trust
JAMES E  KREDSBACH
VACANT LAND  LA CRESCENTA, CA
APN 5861 009-032

Initial

18

its own funds, or otherwise incur any financial obligation in the performance of any of its duties, or in the exercise of any of its rights or powers, if it shall have grounds for believing that the repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured of it, (c) Trustee may consult with counsel of its own choosing and the advice of such counsel shall be full and complete authorization and protection in the respect of any actions taken by it in good faith and in reliance upon the advice, (d) Trustee shall not be liable for any action taken by it in good faith and reasonably believed by it to be authorized or within the discretion or rights or powers conferred upon it by this Deed of Trust

Trustee shall have the right, at its sole option and from time to time, to substitute one or more trustees for the Trustee named above, without notice to Trustor  In the event there shall be more than one trustee, either trustee may act hereunder

40    Request for Notice of Default and Notice of Sale  Trustor hereby requests that a copy of any notice of default and of any notice of sale pursuant to the nonjudicial foreclosure of this Deed of Trust be mailed to Trustor at the mailing address set forth in the preamble above

41    ENVIRONMENTAL INDEMNIFICATION  TRUSTOR HEREBY AGREES, AT ITS SOLE COST AND EXPENSE, TO UNCONDITIONALLY INDEMNIFY, DEFEND, AND HOLD TRUSTEE AND BENEFICIARY AND ITS DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS HARMLESS FROM AND AGAINST ANY LOSS, LIABILITY, DAMAGE (WHETHER DIRECT OR CONSEQUENTIAL), EXPENSES, CLAIMS, PENALTIES, FINES, INJUNCTIONS, SUITS, PROCEEDINGS, DISBURSEMENTS OR EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' AND EXPERTS' FEES AND DISBURSEMENTS AND COURT COSTS) (COLLECTIVELY, THE "LIABILITIES") (A) AS A RESULT OF THE INCORRECTNESS OF ANY REPRESENTATION OR WARRANTY OF TRUSTOR OR ANY OTHER PARTY CONTAINED IN ANY ENVIRONMENTAL CERTIFICATE AND INDEMNITY AGREEMENT DATED OF THE SAME DATE, GIVEN BY TRUSTOR (AND, PERHAPS OTHER INDIVIDUALS OR ENTITIES) TO BENEFICIARY (THE "ENVIRONMENTAL INDEMNITY"), (B) ARISING UNDER ANY HAZARDOUS SUBSTANCE LAW, OR (C) ANY OTHER LIABILITIES, IF ANY, WHICH MAY BE INCURRED BY OR ASSERTED AGAINST TRUSTEE OR BENEFICIARY DIRECTLY OR INDIRECTLY RESULTING FROM THE PRESENCE OF A HAZARDOUS SUBSTANCE ON THE TRUST PROPERTY, WHETHER OR NOT CAUSED IN WHOLE OR IN PART BY THE NEGLIGENT ACTS OR OMISSIONS OF THE TRUSTEE AND BENEFICIARY OR INDIVIDUALS OR ENTITIES ACTING AS THE AGENTS OR EMPLOYEES OF THE TRUSTEE OR BENEFICIARY, PROVIDED, HOWEVER, THAT SUCH INDEMNITY SHALL NOT APPLY TO MATTERS CAUSED BY OR ARISING OUT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF TRUSTEE OR BENEFICIARY, OR ANY OF ITS AGENTS, OR WITH RESPECT TO LIABILITIES, OBLIGATIONS, CLAIMS, DAMAGES, PENALTIES, CAUSES OF ACTION, COSTS AND EXPENSES BASED SOLELY ON FACTS OR CIRCUMSTANCES OCCURRING ONLY SUBSEQUENT TO THE TIME, IF ANY, THAT BENEFICIARY BECOMES THE OWNER OF THE TRUST PROPERTY BY WAY OF FORECLOSURE OF THE LIEN OF THIS DEED OF TRUST, DEED IN LIEU OF SUCH FORECLOSURE, OR OTHERWISE  FOR PURPOSES OF THIS AGREEMENT, THE FOLLOWING TERMS SHALL MEAN AS FOLLOWS  (A) "ENVIRONMENT" MEANS ANY SURFACE OR SUBSURFACE WATER, WATER VAPOR, SURFACE OR SUBSURFACE LAND, AIR, FISH, WILDLIFE, MICROORGANISMS AND ALL OTHER NATURAL RESOURCES, (B) "GOVERNMENTAL AUTHORITY" MEANS THE FEDERAL GOVERNMENT, OR ANY STATE OR OTHER POLITICAL SUBDIVISION THEREOF, OR ANY AGENCY, COURT OR BODY OF THE FEDERAL GOVERNMENT, ANY STATE OR OTHER POLITICAL SUBDIVISION THEREOF, EXERCISING EXECUTIVE, LEGISLATIVE, JUDICIAL, REGULATORY OR ADMINISTRATIVE FUNCTIONS, (C) "HAZARDOUS SUBSTANCE" MEANS AND INCLUDES ASBESTOS OR ANY SUBSTANCE CONTAINING ASBESTOS, POLYCHLORINATED BIPHENYLS, ANY EXPLOSIVES, RADIOACTIVE MATERIALS,

- 16 -

First Trust Deed
Parcel #2 - Construction Deed of Trust
JAMES E  KRUMBACH
VACANT LAND  LA CRESCENTA  CA
APN  5867 006-002

Initial  _____

19

CHEMICALS KNOWN OR SUSPECTED TO CAUSE CANCER OR REPRODUCTIVE TOXICITY, POLLUTANTS, EFFLUENTS, CONTAMINANTS, EMISSIONS, INFECTIOUS WASTES, ANY PETROLEUM OR PETROLEUM-DERIVED WASTE OR PRODUCT OR RELATED MATERIALS AND ANY ITEMS DEFINED AS HAZARDOUS, SPECIAL OR TOXIC MATERIALS, SUBSTANCES OR WASTE UNDER ANY HAZARDOUS SUBSTANCE LAW, OR ANY MATERIAL WHICH SHALL BE REMOVED FROM THE TRUST PROPERTY PURSUANT TO ANY ADMINISTRATIVE ORDER OR ENFORCEMENT PROCEEDING OR IN ORDER TO PLACE THE TRUST PROPERTY IN A CONDITION THAT IS SUITABLE FOR ORDINARY USE, (D) "HAZARDOUS SUBSTANCE LAWS" COLLECTIVELY MEANS AND INCLUDES ANY PRESENT AND FUTURE LOCAL, STATE, FEDERAL OR INTERNATIONAL LAW OR TREATY RELATING TO PUBLIC HEALTH, SAFETY OR THE ENVIRONMENT INCLUDING WITHOUT LIMITATION, THE RESOURCE CONSERVATION AND RECOVERY ACT, AS AMENDED ("RCRA"), 42 U S C § 6901 ET SEQ, THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABILITY ACT ("CERCLA"), 42 U S C § 9601 ET SEQ, AS AMENDED BY THE SUPERFUND AMENDMENTS AND REAUTHORIZATION ACT OF 1986 ("SARA"), THE HAZARDOUS MATERIALS TRANSPORTATION ACT, 49 U S C § 1801 ET SEQ, THE CLEAN WATER ACT, 33 U S C § 1251 ET SEQ, THE CLEAN AIR ACT, AS AMENDED 42 U S C § 7401 ET SEQ, THE TOXIC SUBSTANCES CONTROL ACT, 15 U S C § 2601 ET SEQ, THE SAFE DRINKING WATER ACT, 42 U S C § 300F ET SEQ, THE URANIUM MILL TAILINGS RADIATION CONTROL ACT, 42 U S C § 7901 ET SEQ, THE OCCUPATIONAL SAFETY AND HEALTH ACT, 29 U S C § 655 ET SEQ, THE FEDERAL INSECTICIDE, FUNGICIDE AND RODENTICIDE ACT, 7 U S C § 136 ET SEQ, THE NATIONAL ENVIRONMENTAL POLICY ACT, 42 U S C § 4321 ET SEQ, THE NOISE CONTROL ACT, 42 U S C § 4901 ET SEQ, AND THE EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT, 42 U S C § 11001 ET SEQ, AND THE AMENDMENTS, REGULATIONS, ORDERS, DECREES, PERMITS, LICENSES OR DEED RESTRICTIONS NOW OR LATER PROMULGATED UNDER SUCH LAW, AND (E) "RELEASE" MEANS ANY DISCHARGING, DISPOSING, EMITTING, LEAKING, PUMPING, POURING, EMPTYING, INJECTING, ESCAPING, LEACHING, DUMPING OR SPILLING INTO THE ENVIRONMENT (INCLUDING THE ABANDONMENT OR DISCARDING OF BARRELS, CONTAINERS AND OTHER CLOSED RECEPTACLES) The provisions of this Paragraph are sometimes referred to as the "Environmental Indemnity Provisions"

The indemnity in this Paragraph is intended to be operable under 42 U S C 9607(e)(1), and any successor section thereof, and shall survive the foreclosure, release or reconveyance of this Deed of Trust, whether by payment of the Debt or any deed-in-lieu of foreclosure of the Trust Property. In addition, this Paragraph is intended to be cumulative of any rights of the Beneficiary under California Code of Civil Procedure Sections 564, 726.5 and 736 and under California Civil Code Section 2929.5. Trustor hereby waives any restrictions or limitations that such statutes may impose on Trustor's liability or Beneficiary's rights or remedies under this Paragraph

Trustor agrees that  (a) this Paragraph is intended as Beneficiary's written request for information (and Trustor's response) concerning the environmental condition of the real property security as required by California Code of Civil Procedure Section 726.5, and (b) each provision in this Paragraph (together with any indemnity applicable to a breach of any such provision) with respect to the environmental condition of the Trust Property is intended by Trustor, Beneficiary and any Guarantor to be an "environmental provision" for purposes of California Code of Civil Procedure Section 736

In the event that any portion of the Trust Property is determined to be "environmentally impaired" (as "environmentally impaired" is defined in California Code of Civil Procedure Section 726.5(e)(3)) or to be an "affected parcel" (as "affected parcel" is defined in California Code of Civil Procedure Section 726.5(e)(1)), then, without otherwise limiting or in any way affecting Beneficiary's or Trustee's rights and remedies under this Deed of Trust, Beneficiary may elect to exercise its right under California Code of Civil Procedure Section 726.5(a) to (i) waive its lien on such environmentally impaired or affected portion of the Trust Property, and (ii) exercise the rights and remedies of an unsecured creditor, including reduction of its claim against Trustor to judgment and any other rights and remedies permitted by law For purposes of determining Beneficiary's right to proceed as an unsecured creditor under California Code of Civil

- 17 -

Initial

20

Procedure Section 726 5(a), Trustor shall be deemed to have willfully permitted or acquiesced in a release or threatened release of hazardous materials, within the meaning of California Code of Civil Procedure Section 726 5(d)(1), if the release or threatened release of hazardous materials was knowingly or negligently caused or contributed to by any lessee, occupant or user of any portion of the Trust Property and Trustor knew or should have known of the activity by such lessee, occupant or user which caused or contributed to the release or threatened release

42   Special Terms and Provisions   The following provisions shall be effective irrespective of any contrary provision in the Deed of Trust, the Note or the Other Security Documents, provided, however, that the rights granted to Trustor in this Paragraph shall be personal to Trustor and shall not be exercisable by any subsequent owner of the Trust Property

(a) [yes] Transfer of Trust Property   If the box preceding this sentence contains the word "yes," then the provisions of Paragraph 12 of this Deed of Trust (generally known as a "due-on-sale" clause) shall include a one-time transfer or conveyance of Trustor's fee simple interest in the Trust Property subject to the loan so long as

(i)   There is no Event of Default under this Deed of Trust or the Other Security Documents,

(ii)   The transferee has been previously approved by Beneficiary in writing (which shall not be unreasonably withheld, conditioned or delayed), which approval may be based upon, without limitation, financial and operating statements of the transferee certified by transferee and the resume and description of business background of the transferee,

(iii)   If the Other Security Documents include any guaranty of any portion of the Debt, any and all parties to be substituted for such Guarantors have been previously approved by Beneficiary in writing, which approval shall not be unreasonably withheld, conditioned or delayed, and may be based upon, without limitation, the same criteria specified above as to the consideration of the transferee of the Trust Property,

(iv)   Beneficiary receives an endorsement to any policy of title insurance issued to Beneficiary, updating the effective date of such policy to the date and time of the recording of the deed effecting such transfer and the assumption of Trustor's obligations, as described below, and confirming that, upon such transfer, Beneficiary's lien priority upon the Trust Property will remain unaffected,

(v)   Beneficiary receives executed copies of all legal documents affecting such transfer,

(vi)   Beneficiary's original agent, American Mutual Mortgage, shall be underwriting the transfer request and shall receive payment of a cash transfer fee equal to Five Percent (5%) of the then outstanding principal balance of the Note (the "Cash Transfer Fee"), and

(vii)   Beneficiary receives legal opinions of transferee's independent counsel satisfactory to Beneficiary, as to the issues specified by Beneficiary, and

(viii)   The transferee executes an agreement in which the transferee unconditionally assumes all of Trustor's obligations under the Note, this Deed of Trust, and any and all of the Other Security Documents, and, if the Other Security Documents include any guaranty of any portion of the Debt, the parties to

- 18 -

First First Deed
Parcel #2 - Counterpart Deed of Trust
JAMES E KREISBACH
VACANT LAND, LA CRESCENTA CA
APN 5367 029-041

Initial

21

be substituted for the Guarantors under such Guaranty executes a substitute Guaranty which shall, except as otherwise approved by Beneficiary, be in form and substance identical to such existing Guaranty

$5,000.00 (the "Expense Deposit") shall be deposited with Beneficiary (or its servicing agent who will underwrite the proposed transfer) prior to Beneficiary's consideration of any proposed transfer    Whether or not a proposed transfer under the terms of this Paragraph is actually consummated (and whether or not any failure to consummate such transfer is due to Beneficiary's failure or refusal to approve of the transferee, or due to any other factor), Trustor shall reimburse Beneficiary on demand for all of Beneficiary's reasonable out-of-pocket costs and expenses reasonably incurred in connection with any proposed transfer    Trustor's obligation to pay such costs and expenses shall be secured by this Deed of Trust, and any failure by Trustor to pay Beneficiary shall be an Event of Default    The amount of the Expense Deposit remaining after deduction of Beneficiary's out of pocket costs and expenses in connection with the proposed transfer, shall be refunded to Trustor promptly after the completion of the proposed transfer or Beneficiary's disapproval of the proposed transfer, as the case may be

In the event of a transfer under this Paragraph, or any other consent by Beneficiary to a sale, transfer or conveyance of the Trust Property and the assumption of this Deed of Trust as provided above, any and all limitations on sale, transfer or conveyance in Paragraph 12 (without amendment by this Paragraph) shall likewise apply to the purchaser, transferee or conveyee under any sale, transfer or conveyance permitted under this Paragraph

(b) [ no ] **Management of Trust Property**    If the box preceding this sentence contains the word "no," Trustor hereby (a) represents and warrants that it manages the Trust Property, and that Trustor does not engage any third party in connection with the overall operation or management of the Trust Property, and (b) agrees that Trustor shall not enter into any agreement for the overall management of the Trust Property without the written approval of Beneficiary, which may be conditioned, without limitation, upon the execution by Trustor and the proposed property manager, of a form of subordination of property management acceptable to Beneficiary

THE NOTE, THIS DEED OF TRUST, ANY GUARANTY, ANY ENVIRONMENTAL INDEMNITY, AND THE OTHER SECURITY DOCUMENTS COLLECTIVELY REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES    THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES

IN WITNESS WHEREOF, the undersigned has executed and delivered this Deed of Trust, effective as of the date first above written

Trustor:
JAMES E. KREBSBACH, ~~INC., A~~ ~~CORPORATION~~

JAMES E. KREBSBACH

**********************************************************************************************

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES      )

First Trust Deed
Parcel #2 - Counterpart Deed of Trust
JAMES E. KREBSBACH
VACANT LAND, LA CRESCENTA, CA
APN  5867-009-043

- 19 -

Initial

22

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF CALIFORNIA            )

COUNTY OF LOS ANGELES          ) ss.
                               )

On **October 26, 2008** 2008 before me, _Carmen Martinez_____ A Notary Public, personally
appeared

## JAMES E. KREBSBACH

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument
and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the
person(s), or entity upon behalf of which the person acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal

_Carmen Martinez_
Signature of Notary

CARMEN MARTINEZ
Commission # 1789666
Notary Public - California
Los Angeles County
My Comm. Expires Feb 22, 2012

||

23

# EXHIBIT "A-1"

## SAID LAND IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 THROUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE 17 MINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45 43 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51 SECONDS WEST 50 38 FEET,

THENCE NORTH 23 DEGREE 45 MINUTE 00 SECONDS WEST 93 00 FEET; THENCE SOUTH 79 DEGREE 37 MINUTE 35 SECONDS WEST 53 46 FEET TO THE EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND SOUTHEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS 20 AND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21, THENCE NORTH 30 DEGREE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21 58 10 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING IS A LEGAL DESCRIPTION OF A 10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER THAT PORTION OF LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 – 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID TRACT MAP, SAID POINT BEING 80 50' MEASURED ALONG SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER OF SAID LOT 20, A RADIAL LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37 SECONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57 40 FEET SAID LAND LOT LINE ADJUSTMENT NUMBER LLA 101, 381 RECORDED FEBRUARY 1, 1996 AS INSTRUMENT NO 96-184486 OF OFFICIAL RECORDS

......................................................................

### APN 5867-009-042
### Commonly known as:

### VACANT LAND, LA CRESCENTA, CA

Parcel - 2
First Trust Deed
JAMES E KREBSBACH
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042

Initial:

Case 2:10-bk-21498-AA    Doc 33-1    Filed 07/07/10    Entered 07/08/10 15:17:05    Desc

Recording Requested by

WHEN RECORDED, RETURN TO:

American Mutual Mortgage
P.O. BOX 8622
Calabasas, Ca 91372

*Above Space for Recorder's Use*

# DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT

THIS DOCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH SECTION 9402 OF THE CALIFORNIA COMMERCIAL CODE (THE "California Commercial Code")

This is a counterpart of two deeds of trust recording securing one loan.

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT ("Deed of Trust"), made effective as of OCTOBER 21, 2008 by JAMES E. KREBSBACH AN UNMARRIED MAN ("Trustor"), whose address is 5443 Pine Cone Rd., La    Crescenta,    CA 91214, (the State of California is hereinafter sometimes referred to as the "State"); TO AND IN FAVOR OF: Reliable Trust Deed Services, A California Corporation located at 19510 Ventura Blvd. Suite 214, Tarzana, CA 91356 ("Trustee"); SOFEN ENTERPRISES INC., A CALIFORNIA CORPORATION (collectively, the "Beneficiary"), whose address is c/o American Mutual Mortgage, P.O. BOX 8622, Calabasas, Ca 91372.

W I T N E S S E T H : To secure the payment of a debt described below (the "Debt"), Trustor hereby grants, bargains, conveys, transfers, and assigns to Trustee, in trust, WITH POWER OF SALE, all of the real property described in EXHIBIT "A-1" attached hereto (the "Premises") and the buildings, structures, additions, enlargements, lot line adjustment additions, extensions, modifications, repairs and improvements now or hereafter located thereon (the "Improvements");

TOGETHER WITH:  All right, title, interest and estate of Trustor now owned or hereafter acquired in the following property, rights, interests, and estates (collectively called the "Trust Property"):

(a) All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water rights and powers, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any nature, in any way belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remainders, and all land laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rights of courtesy, property, possession, claim and demand, both in law and in equity, of Trustor in the Premises and every part thereof and all appurtenances thereto;

(b) All machinery, furniture, equipment, fixtures, material, appliances and other articles of personal property of every kind owned by Trustor, or in which Trustor has an interest, located upon the Premises, and appurtenances thereto and usable for the generation and distribution of air, water, heat, electricity, light, fuel or refrigeration, or for ventilating or air conditioning purposes, or for sanitary or drainage purposes, or for the exclusion of vermin or insects, or for removal of dust, refuse or garbage, and such machinery, furniture, equipment, fixtures and other articles of personal property

— 1 —

First Trust Deed
Parcel #2 – Counterpart Deed of Trust
JAMES E. KREBSBACH
VACANT LAND, LA CRESCENTA, CA
APN: 5867-009-042

Initial: _____

# EXHIBIT "A-1"

## SAID LAND IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 THROUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE 17 MINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45.43 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51 SECONDS WEST 60.38 FEET;

THENCE NORTH 23 DEGREE 45 MINUTE 00 SECONDS WEST 93.00 FEET; THENCE SOUTH 79 DEGREE 37 MINUTE 35 SECONDS WEST 53.46 FEET TO THE EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND SOUTHEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS 20 AND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21; THENCE NORTH 30 DEGREE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21 58.10 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING IS A LEGAL DESCRIPTION OF A 10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER THAT PORTION OF LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 – 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID TRACT MAP, SAID POINT BEING 80 60' MEASURED ALONG SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER OF SAID LOT 20, A RADIAL LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37 SECONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57.40 FEET. SAID LAND LOT LINE ADJUSTMENT NUMBER LLA 101, 381 RECORDED FEBRUARY 1, 1996 AS INSTRUMENT NO 96-184486 OF OFFICIAL RECORDS.

## APN 5867-009-042
## Commonly known as:

# VACANT LAND, LA CRESCENTA, CA

Parcel : 2
First Trust Deed
JAMES E. KREBSBACH
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042                    Initial: _____

# EXHIBIT D

## <u>PROMISSORY NOTE</u>
### (Commercial)

Property: Parcel 1: 13066 DAVENTRY, PACOIMA, CA 91331
Parcel 2: VACANT LAND, LA CRESCENTA, CA

**$ 280,000.00**                                      **October 21, 2008**

FOR VALUE RECEIVED, the undersigned, **JAMES E. KREBSBACH AN UNMARRIED MAN AS TO PARCEL 1 AND PARCEL 2** ("Maker"), whose address for purposes of this Promissory Note (this "Note") is SEE ATTACHED EXHIBIT "D" (the State of California is referred to as the "State"). PROMISES TO PAY to the order of as per attached **SOFEN ENTERPRISES INC., A CALIFORNIA CORPORATION** ("Holder"), at c/o American Mutual Mortgage, P.O. Box 8622 Calabasas, CA 91372, or such other place as the Holder may specify, the principal sum of U.S. **TWO HUNDRED EIGHTY THOUSAND DOLLARS ($280,000.00)**, together with interest thereon from the Date of Disbursement (as defined below) at the rate of **TWELVE PERCENT (12.00%)** per annum (the "Contract Rate"), to be paid in lawful money of the United States of America as follows:

a.    Interest from the Date of Disbursement through the end of the month shall be due and payable on the Date of Disbursement; and,

b.    The payments on this Note shall be as follows:

| Number of Payments | Amount of each Payment | Date Series Commences "Date of Commencement" |
|---|---|---|
| 6 | $2,880.00 | Prepaid for monthly periods December 1, 2008, January 1, 2009, February 1, 2009, March 1, 2009, April 1, 2009, and May 1, 2009 paying the interest on this loan for November 2008 through April 2009 and then |
| 1 | $ 280,000.00 e | balloon payment due on May 1, 2009, the Date of Maturity. |

- 1 -

First Trust Deed
JAMES E. KREBSBACH
13066 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA

APN 5867-009-042

Initial: _____

EXHIBIT D

The day of the month on which payments are due is called the **"Installment Payment Date."** The last day in the last series above is called the **"Date of Maturity."** Each installment payment shall be applied first to accrued interest and then to principal. (e = estimated)

1.      The **"Date of Disbursement"** for purposes of this Note shall mean the day upon which a closing agent disburses the majority of the principal amount of this Note.

2.      A "Loan Month" for purposes of this Note shall mean each successive calendar month of the term of this Note, beginning with the month in which the Date of Commencement falls.

3.      If any installment of principal and/or interest not be paid within TEN DAYS (10 days) after the due date ("Grace Period Expiration Date"), Maker shall also pay to Holder a late charge of TEN PERCENT (10.0%) of such installment. THE LATE CHARGE SHALL BE PAID WITHOUT PREJUDICE TO THE RIGHT OF THE HOLDER TO COLLECT ANY OTHER AMOUNTS PROVIDED TO BE PAID OR TO DECLARE A DEFAULT UNDER THIS NOTE OR THE DEED OF TRUST (AS DEFINED BELOW). THE LATE CHARGE SHALL BE PAYABLE NOT LATER THAN THE DUE DATE OF THE NEXT PAYMENT AND SHALL BE SECURED BY THE DEED OF TRUST AND OTHER SECURITY DOCUMENTS (AS DEFINED BELOW). MAKER RECOGNIZES THAT ITS DEFAULT IN MAKING ANY PAYMENT AS AGREED TO BE PAID WHEN DUE, OR THE OCCURRENCE OF ANY OTHER EVENT OF DEFAULT UNDER THE DEED OF TRUST OR ANY OTHER SECURITY DOCUMENT, WILL REQUIRE HOLDER TO INCUR ADDITIONAL EXPENSE IN SERVICING AND ADMINISTERING THE LOAN, IN LOSS TO HOLDER OF THE USE OF THE MONEY DUE AND IN FRUSTRATION TO HOLDER IN MEETING ITS OTHER FINANCIAL AND LOAN COMMITMENTS AND THAT THE DAMAGES CAUSED THEREBY WOULD BE EXTREMELY DIFFICULT AND IMPRACTICAL TO ASCERTAIN. MAKER AGREES (A) THAT AN AMOUNT EQUAL TO THE LATE CHARGE PLUS THE ACCRUAL OF INTEREST AT THE DEFAULT RATE IS A REASONABLE ESTIMATE OF THE DAMAGE TO HOLDER CAUSED BY A LATE PAYMENT, AND (B) THAT THE ACCRUAL OF INTEREST AT THE DEFAULT RATE FOLLOWING ANY OTHER EVENT OF DEFAULT IS A REASONABLE ESTIMATE OF THE DAMAGE TO HOLDER CAUSED BY ANOTHER EVENT OF DEFAULT. NOTHING IN THIS NOTE REGARDLESS OF WHETHER THERE HAS BEEN AN ACCELERATION OF THE DEBT. NOTHING IN THIS NOTE SHALL BE CONSTRUED AS AN OBLIGATION ON THE PART OF HOLDER TO ACCEPT, AT ANY TIME, LESS THAN THE FULL AMOUNT THEN DUE, OR AS A WAIVER OR LIMITATION OF HOLDER'S RIGHT TO COMPEL PROMPT PERFORMANCE.

INITIAL:

4.      [no] If the box preceding this sentence contains the word "yes," Holder has no obligation to accept tendered full or partial prepayments of any portion of the principal balance outstanding hereunder until nor after the Date of Disbursement (the **"Lock Period"**). There is no lock period on this loan. This loan may be prepaid at any time subject to the terms and conditions of Prepayment.

-2-

First Trust Deed
JAMES E. KREDSBACH
13866 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042

Initial:

[Yes] If the box preceding this sentence contains the word "yes," in the event of a Prepayment after the Lock Period, Maker shall, as a condition to the Holder's acceptance of the Prepayment, pay to Holder a prepayment premium (the "**Prepayment Premium**") equal to;

## 2 MONTH INTERST FOR THE TERM OF THE LOAN OR THE REMAINING INTEREST AT THE TIME OF PAY OFF, WHICHEVER IS LESS.

Maker shall have no right to prepay, and the Holder shall have no obligation to accept tendered full or partial prepayments of any portion of the principal balance outstanding hereunder (a "**Prepayment**") unless and until prepayment is made on an Installment Payment Date, with not less than thirty (30) days' prior written notice to Holder, and pays any Prepayment Premium called for in the previous paragraph. Any amounts to be prepaid as specified in said notice shall become due and payable at the time provided in said notice, and said notice shall not relieve the Maker from making any payment due prior to or, in the event of a partial Prepayment, after, the time specified in said notice. Prepayments shall be credited to installments of principal in the inverse order of their maturity.

5.      If an Event of Default and the Holder accelerates payment of the indebtedness, the Holder shall suffer damages and opportunity costs which are now difficult or impossible to ascertain. Therefore, if that occurs, Maker shall pay to the Holder, as liquidated damages and not as a penalty, and in addition to the entire balance of principal and accrued interest and all other sums then due under this Note, the Deed of Trust and the Other Security Documents, an amount equal to the Prepayment Premium computed as if the entire unpaid balance of this Note were prepaid on the date of default.

The Maker waives all rights under California Civil Code Section 2954.10 which provides, in part, as follows:

AN OBLIGEE WHICH ACCELERATES THE MATURITY DATE OF THE PRINCIPAL AND ACCRUED INTEREST, PURSUANT TO CONTRACT, ON ANY LOAN SECURED BY A MORTGAGE OR DEED OF TRUST ON REAL PROPERTY UPON THE CONVEYANCE OF ANY RIGHT, TITLE, OR INTEREST IN THAT PROPERTY, MAY NOT CLAIM, EXACT, OR COLLECT ANY CHARGE, FEE, OR PENALTY FOR ANY PREPAYMENT RESULTING FROM THAT ACCELERATION.

The Maker understands and acknowledges that the Holder bargained for this waiver as part of the consideration that induced the Holder to enter into this transaction. The Maker initials this paragraph for the purpose of evidencing its understanding of Civil Code Section 2954.10 recited in part above and the Maker's agreement to the waiver of its terms.

6.      This Note is secured, without limitation, by that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Financing Statement (the "**Deed of Trust**") of the same date given by Maker to Reliable Trust Deed Services, A California Corporation located at 19510 Ventura Blvd. Suite 214, Tarzana, CA 91356, as Trustee.

- 3 -

First Trust Deed
JAMES E. KREBSBACH
13066 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA

APN 5867-009-042

Initial:

for the benefit of Holder, on certain real estate and personal property (the **"Trust Property"**) and the Other Security Documents (as defined in the Deed of Trust, referred to as the **"Other Security Documents"**). This Promissory Note is the Note referred to in; and is entitled to the benefits of, the Deed of Trust and the Other Security Documents. Among the provisions of the Deed of Trust is the following paragraph 12:

12. <u>Transfer or Encumbrances of the Trust Property</u>. Trustor acknowledges that Beneficiary has examined both the creditworthiness of Trustor and Trustor's experience in owning and operating properties such as the Trust Property in determining whether or not to make the Loan, that Beneficiary has relied on Trustor's creditworthiness and experience in deciding to make the Loan, and that Beneficiary will continue to rely on Trustor's ownership of the Trust Property as a means of maintaining the value of the Trust Property as security for repayment of the Debt. Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure that, if Trustor defaults in the repayment of the Debt, Beneficiary can recover the Debt by a sale of the Trust Property. If Trustor shall, without the prior written consent of Beneficiary, further encumber the Trust Property with any lien imposed in connection with any other financing, or sell, transfer or convey any part of the Trust Property or the right to manage or control the operation of any part of the Trust Property, the entire Debt shall become due, at the option of Beneficiary. A sale, transfer or conveyance within the meaning of this Paragraph shall be deemed to include (i) an installment sales agreement in which Trustor agrees to sell any part of the Trust Property for a price to be paid in installments; (ii) an agreement by Trustor leasing all or a substantial part of the Trust Property, or a sale, pledge, assignment or other transfer of, or the grant of a security interest in, Trustor's right, title and interest in any Leases or any Rents; (iii) if Trustor is a corporation or a limited partnership with a corporate general partner, the transfer of stock of the Trustor or its corporate general partner to parties who do not now hold a controlling interest; (iv) if Trustor is a general or limited partnership, joint venture, or other form of partnership (a "Partnership"), a transfer of any general partnership interest or the admission of any new general partner; and (v) if Trustor is a limited liability company or a limited partnership with a limited liability company as general partner, the transfer of membership interests in the Trustor or its limited liability company general partner (or the stock or membership interests in any corporation or limited liability company controlling Trustor or its limited liability company general partner) or the creation or issuance of new memberships in Trustor or its limited liability company general partner to parties who do not now own a controlling interest. Beneficiary reserves the right to condition its consent upon a modification of the terms of this Deed of Trust and the Note and on assumption of this Deed of Trust as so modified, by the proposed transferee, payment of a transfer or assumption fee, or such other conditions as Beneficiary shall determine in its sole discretion to be in the interest of Beneficiary. Beneficiary shall not be required to demonstrate any actual impairment of its security or any increased risk of default in order to declare the Debt immediately due and payable upon Trustor's sale, transfer, conveyance or further encumbrance of the Trust Property without Beneficiary's consent. This provision shall apply to every sale, transfer, conveyance, or further encumbrance of the Trust Property regardless of whether voluntary or not or whether or not Beneficiary has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Property.

- 4 -

First Trust Deed
JAMES E. KREHSBACH
13066 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA
APN 5867-007-042

Initial: _____

7.   Maker shall be in default under this Note (referred to as an **"Event of Default"**) and the whole sum of principal and interest shall become due and payable at the option of the Holder without notice or demand, upon: (i) the nonpayment, by the Grace Period Expiration Date of any installment of principal and/or interest, or any other monetary obligation under this Note, the Deed of Trust or the Other Security Documents; or (ii) any other Event of Default under the Deed of Trust or the Other Security Documents.

8.   If an Event of Default occurs, this Note shall thereafter bear interest at the rate of the lesser of (i) the Maximum Rate (as hereinafter defined) or (ii) the Contract Rate **plus EIGHT PERCENT (8.0%)** per annum (which lesser rate is referred to as the **"Default Rate"**) from the date of the Event of Default.

9.   Acceptance by Holder of any payment for less than what is due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due before the Grace Period Expiration Date, shall be and continue to be an Event of Default under this Note. The rights or remedies of the Holder, as provided in this Note, the Deed of Trust or any of the Other Security Documents, or as provided at law or in equity shall be cumulative and concurrent, and may be pursued singly, jointly or successively against the Trust Property, Leases, Rents (as defined in the Deed of Trust) or any other funds, property or security held by Holder for the payment or performance thereof, or against the Maker or otherwise, at the sole discretion of the Holder. The failure to exercise any such right or remedy shall not be construed as a waiver or release of any rights or remedies or of the right to exercise them at any later time.

10.   Maker and all endorsers, guarantors, sureties, accommodation parties hereof, and all other persons liable or to become liable for all or any part of the indebtedness under this Note, the Deed of Trust, and the Other Security Documents, waive all applicable exemption rights, whether under the laws of the State, homestead laws, or otherwise, and also waive valuation and appraisement, diligence, presentment, protest and demand, and also notice of protest, of demand, of nonpayment, of dishonor, of acceleration, of intention to accelerate and of maturity.   All endorsers, guarantors, sureties, and accommodation parties hereby consent to any and all renewals, extensions or modifications of the terms hereof, including time for payment.   Any such renewals, extensions or modifications may be made without notice to any of said parties.

11.   Maker and all endorsers, guarantors, sureties, accommodation parties hereof and all other persons liable or to become liable for all or any part of this indebtedness agree to pay all costs of collection, including reasonable attorneys' fees and all costs of suit, if this Note is not paid when due, or if it is necessary to protect the security for this Note or to commence foreclosure proceedings under the Deed of Trust or any of the Other Security Documents, or if Holder is made a party to any litigation because of this Note, the Deed of Trust or any of the Other Security Documents, whether or not suit is filed, and whether through courts of original jurisdiction, as well as in courts of appellate jurisdiction, or through a bankruptcy court or other legal proceedings.   Such costs of collection shall include attorneys fees and costs in all aspects of bankruptcy proceedings affecting the security for this Note or performance hereunder, including plan objection proceedings, objections to discharge, claim objection proceedings, preference actions, relief from stay litigation, motions to dismiss, convert or appoint a trustee, case monitoring and serving on a creditor's committee.

- 5 -

First Trust Deed
JAMES E. KREHSBACH
13066 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA
APN 5867.009-012

Initial: _____

12.   This Note shall not be amended, modified or changed, nor shall any waiver of any of its provision be effective unless accomplished by an instrument in writing signed by the party against whom enforcement of any amendment, modification, change or waiver is sought.

13.   Maker acknowledges that this Note and the loan it evidences was made by a licensed California Finance Lender or licensed California Real Estate Broker or it was arranged by a licensed California Real Estate Broker and that the broker's participation was a material factor in the consummation of this transaction. However, none of the terms and provisions contained in this Note, the Deed of Trust, or any of the Other Security Documents, shall ever be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the Maximum Rate. The Maker or other party now or later liable for the payment of this Note shall never be required to pay interest on this Note at a rate in excess of the Maximum Rate, and the provisions of this paragraph shall control over all other provisions and of any other instrument executed in connection herewith this loan transaction. If Holder collects monies which are deemed to be interest in excess of the Maximum Rate, all excess sums shall be applied against the unpaid principal balance and not to the payment of interest; and if a surplus remains after full payment of principal and lawful interest, the surplus shall be refunded to the Maker in cash and the Maker hereby agrees to accept such refund. As used in this Note, the term **"Maximum Rate"** means the maximum rate (or, if the context so permits or requires, an amount calculated at such rate) of interest which, at the time in question would not cause the interest charged on the indebtedness evidenced by this Note, the Deed of Trust, or any of the Other Security Documents at such time to exceed the maximum amount which Holder would be allowed to contract for, charge, take, reserve or receive under the laws of the State or any other applicable law, all relevant payments or charges under this Note, the Deed of Trust, and the Other Security Documents.

14.   Whenever used herein, the words "Maker" and "Holder" shall be deemed to include their respective successors and assigns. In the event Maker is comprised of more than one individual or entity, each such individual or entity shall be jointly and severally liable under this Note.

15.   Time is of the essence of this Note.

16.   Any notice, demand, statement, request, or consent made under this Note shall be in writing and shall be deemed given when hand-delivered or within Three (3) Days after the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth above, of the party to whom such notice is to be given, or to such other address as Maker or Holder, as the case may be, shall in like manner designated in writing.

17.   The singular number shall include the plural, and the plural the singular, and any gender shall be substituted for any other gender, where appropriate.

18.   This Note is to be governed by and construed in accordance with the laws of the State, without giving effect to the conflicts of law provisions thereof. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or

- 6 -

First Trust Deed
JAMES E. KILLSBACH
13066 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042

Initial: _____

invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note. Maker consents to the jurisdiction of the state and federal courts in the State for any actions involving the enforcement or interpretation of this Note, Deed of Trust and the transaction they evidence.

MAKER HEREBY WAIVES TRIAL BY JURY IN ANY SUIT INVOLVING THE HOLDER OR ANY ARRANGER OF THIS LOAN AS WELL AS ANY CLAIM FOR PUNITIVE DAMAGES.

19.    THIS NOTE, THE DEED OF TRUST, THE ENVIRONMENTAL INDEMNITY, ANY GUARANTY AND THE OTHER SECURITY DOCUMENTS COLLECTIVELY REPRESENT THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Note effective as of the date first above written.

**Trustor:**



JAMES E. KREBSBACH

- 7 -

First Trust Deed
JAMES E. KREBSBACH
13866 DAVENTRY, PACOIMA, CA
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042

Initial

# EXHIBIT "A"

SAID LAND IS SITUATED IN THE COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 41 OF TRACT NO. 15775
AS PER MAP RECORDED IN
BOOK 370. PAGES 37 TO 39
INCLUSIVE OF MAPS, IN THE
OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

APN 2533-003-001
Commonly known as:

13066 DAVENTRY STREET, PACOIMA, CA  91331

PARCEL – 1
First Trust Deed
JAMES E. KREBSBACH
APN 2533-003-001

Initial: _____

# EXHIBIT "A-1"

## SAID LAND IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 20 AND 21 OF TRACT NO 13346, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 THROUGH 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 21; THENCE SOUTH 30 DEGREE 17 MINUTE 28 SECONDS WEST, ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21, 45.43 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 48 DEGREE 52 MINUTE 51 SECONDS WEST 50.38 FEET;

THENCE NORTH 23 DEGREE 45 MINUTE 00 SECONDS WEST 93.00 FEET; THENCE SOUTH 79 DEGREE 37 MINUTE 35 SECONDS WEST 53.46 FEET TO THE EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID MAP; THENCE SOUTHERLY AND SOUTHEASTERLY ALONG THE WESTERLY AND SOUTHEASTERLY SIDELINES OF SAID LOTS 20 AND 21 TO THE MOST SOUTHERLY CORNER OF SAID LOT 21; THENCE NORTH 30 DEGREE 17 MINUTE 28 SECONDS EAST ALONG THE SOUTHEASTERLY LINE OF SAID LOT 21 58.10 FEET TO THE TRUE POINT OF BEGINNING. THE FOLLOWING IS A LEGAL DESCRIPTION OF A 10' WIDE EASEMENT FOR SEWER AND WATER LINE PURPOSES OVER THAT PORTION OF LOT 20 IN TRACT NO 13346 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 349 PAGES 7 – 9 INCLUSIVE OF MAPS, IN THE COUNTY RECORDER OF SAID COUNTY, LYING 5 00' ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE. BEGINNING AT A POINT ON THE CURVED EASTERLY SIDELINE OF CLOUD CREST ROAD, AS SHOWN ON SAID TRACT MAP, SAID POINT BEING 80 50' MEASURED ALONG SAID CURVE, SOUTHERLY FROM NORTHWESTERLY CORNER OF SAID LOT 20, A RADIAL LINE TO SAID POINT BEARS NORTH 78 DEGREE 37 MINUTE 37 SECONDS EAST THENCE NORTH 63 DEGREE 40 MINUTE 00 SECONDS EAST 57.40 FEET. SAID LAND LOT LINE ADJUSTMENT NUMBER LLA 101, 381 RECORDED FEBRUARY 1, 1996 AS INSTRUMENT NO 96-184486 OF OFFICIAL RECORDS.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

## APN 5867-009-042
## Commonly known as:

## VACANT LAND, LA CRESCENTA, CA

Parcel - 2
First Trust Deed
JAMES E. KREBSBACH
VACANT LAND, LA CRESCENTA, CA
APN 5867-009-042

Initial:

# EXTENSION AGREEMENT

### $ 280,000.00 Loan – secured by 2 First Trust Deeds

The note dated October 21, 2008 (the "Note") executed by JAMES E. KREBSBACH AN UNMARRIED MAN in favor of SOFEN ENTERPRISES INC., A CALIFORNIA CORPORATION (hereinafter "Lender") as Lender, may be extended for an additional Six Months following the original due date of Note, pursuant to the following terms and conditions:

1. A Certificate of Occupancy has been issued by the City of Los Angeles on Parcel 1.

2. Property taxes must be current at the time of the request for an extension and proof of same to be submitted along with the written extension request.

3. Borrower shall request this extension in writing to the Lender no later than April 15, 2009.

4. The six month extension shall begin on May 1, 2009. No monthly payments shall be due during the extension period however the interest rate shall increase to 12.75% and interest shall accrue.

5. During the extension period the prepayment penalty shall remain the same, however, it shall be based upon the increased interest rate.

6. The new Balloon Payment due date, November 1, 2009, at which time the remaining principal and interest and any unpaid costs fees and or expenses shall be due and payable in full shall be due and payable.

During the Extension period all other terms and conditions of the Note and Deeds of Trust shall remain the same.

BORROWER:

JAMES E. KREBSBACH

# Construction Loan Agreement
## and
## Schedule of Release of Funds

THIS CONSTRUCTION LOAN AGREEMENT ("Agreement") is dated  October 20, 2008 between Sofen Enterprises Inc., A California Corporation ("Lender") and James E. Krebsbach (collectively, "Borrower").

Borrower desires to obtain a loan from Lender for the purpose of constructing improvements on the real property located at as per attached Exhibit A-1, California commonly known as 13066 Daventry Street, Pacoima, California 91331 (the "Real Property").

NOW, THEREFORE, the parties agree as follows:

1.   Upon the terms and conditions of this Agreement, Lender agrees to make and Borrower agrees to accept a loan ("Loan") under the terms and conditions of the Note (the "Promissory Note"), Two First Deeds of Trust (On Parcels "A" and "A-1") per attached legal descriptions and any authorizations or agreements now or hereafter given by Borrower pursuant to this Agreement.

2.   The security for the Loan shall consist of a Two First Deeds of Trust (On Parcels A and A-1) given by Borrower to Lender secured by a first priority lien upon the Real Property the assignment of all construction contracts, plans, specifications for the Real Property and the assignment of the proceeds of all insurance covering the Real Property, all as more specifically set forth in this Agreement and the other Loan Documents.

3    The undersigned Borrower requests that draws be approved subject to inspection showing substantial progress completed at the time of the request. The initial funding shall be Twenty Thousand Dollars ($20,000.00).  The balance of net proceeds from the loan shall be held in trust at David Gibson Escrow, Escrow # 21772-G. Lender shall designate an inspector of Lender's choice to inspect the property described in Exhibit "A" attached to insure that work is being completed in a workmanlike manner following approved plans with required inspections being completed by the building department. Copies of signed off inspections by the building department shall be provided to Lender's designated inspector at the time of each inspection.  The cost of each inspection shall not exceed $195.00. Lender may elect to inspect the property themselves and receive the inspection fee in lieu of an inspector. Inspection requests shall be made by Borrower to Lender in the form of email, facsimile or telephonically or as requested by Lender. Each inspection by Borrower shall be completed within 3 business days of request by Borrower.

Page 1 of 2                    Borrower Initial:

4.    Each request for funds will be accompanied by a completed
<u>CONSTRUCTION DRAW REQUEST</u>, copy attached.

The estimated costs of the contractor for the construction are:

| | |
|---|---|
| Addition/Windows | $ 29,000.00 |
| Kitchen | $ 4,000.00 |
| Painting | $ 3,000.00 |
| Landscaping | $ 3,000.00 |
| Driveway/G. Door | $ 4,000.00 |
| Bath | $ 3,000.00 |
| Roofing | $ 5,000.00 |
| HVAC | $ 4,000.00 |
| Flooring | $ 3,000.00 |
| Demo/clean up | $ 2,000.00 |

TOTAL 60,000.00

5.    Inspector shall report to Lender that work is completed commensurate with
the draw request, or not, and if not shall recommend a drawer amount to Lender. Lender
shall instruct David Gibson Escrow to release the amount of funds approved to Borrower.
Should Borrower not agree with inspector recommended drawer Lender shall personally
inspect (or authorize another inspector to inspect at Borrower's cost of inspection if
Lender is unavailable) the property and review the request of the Borrower within 3
business days of request.

6.    **Each draw shall represent the percentage of work completed at the time of
the request for the draw. The last $2,000.00 held in the fund control account shall not be
issued to borrower until a Certificate of Occupancy is issued, unless otherwise approved by
Lender.**

Contractor:                                        Borrower:

_____              _____
James Krebsbach                                    James Krebsbach

                          Lender:
                          Sofen Enterprises Inc., A California Corp.


                          By: _____
                              Irving A. Sofen, President


Page 2 of 2          Borrower Initial: _____

# EXHIBIT E

In re: James Krebsbach
USBC Case #:2:09-bk-44433-VK
Pre-Filing Summary of Obligation

Hide This Column

| DATE DUE/ POSTED | TOTAL BORROWED AND FEES AMOUNT | ACTUALLY PAID AMOUNT | ON PRINCIPAL | ON ACCRUED INTEREST | BALANCE DUE ON PRINCIPAL | ON ACCRUED INTEREST | TOTAL | New Interest |
|---|---|---|---|---|---|---|---|---|
| 11/04/08 | 280,000.00 | 552.33 | 0.00 | 552.33 | 280,000.00 | 0.00 | 280,000.00 | 552.33 |
| 11/04/08 | | 16,800.00 | 0.00 | 16,800.00 | 280,000.00 | 0.00 | 280,000.00 | 16800.00 |
| 01/07/09 | 11,000.00 | 410.67 | 0.00 | 410.67 | 291,000.00 | 0.00 | 291,000.00 | 410.67 |
| 09/30/09 | | 263,180.02 | 234,661.69 | 28,518.33 | 56,338.31 | 0.00 | 56,338.31 | 28518.33 |
| 11/02/09 | | 592.30 | 0.00 | 592.30 | 56,338.31 | 302.94 | 56,641.25 | 895.24 |
| 12/01/09 | | | 0.00 | | 56,338.31 | 457.29 | 56,795.60 | 154.35 |
| 12/06/09 | | | 0.00 | | 56,338.31 | 488.16 | 56,826.47 | 30.87 |
| 12/07/09 | | | 0.00 | | 56,338.31 | 3,853.02 | 60,191.33 | 3364.86 |
| 03/26/10 | | | | | 56,338.31 | 7,001.80 | 63,340.11 | 3148.77 |
| 07/06/10 | | | | | | | | |

| | Pre-Petition | Post-Petition |
|---|---|---|
| Total Principal Charged | $ 291,000.00 | 0.00 |
| Total Interest Charged | $ 53,875.43 | 3,148.77 |
| Total Amount Paid & Credited | $ 281,535.32 | 0.00 |
| Credited to Principal | $ 234,661.69 | 0.00 |
| Credited to Interest | $ 46,873.63 | 0.00 |
| Total Principal | $ 56,338.31 | 0.00 |
| Total Interest | $ 7,001.80 | 3,148.77 |
| Total | $ 63,340.11 | |

EXHIBIT  E

Motion for Relief from Stay (Real Property) - *Page 11 of ____*    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| JAMES E. KREBSBACH | Debtor(s). | CASE NO.: 2:10-bk-21498 AA |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1830 12th ST., UNIT 2
SANTA MONICA, CA 90404

A true and correct copy of the foregoing document described as <u>NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u> _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On <u>2/28/11</u>_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
UNITED STATES TRUSTEE: ustpregion16.la.ecf@usdoj.gov
TRUSTEE: rgonzalez@ecf.epiqsystems.com
DEBTOR ATTORNEY: notices@crowderlaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>3/1/11</u>_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
DEBTOR: James E. Krebsbach, 5443 Pine Cone Road, La Crescenta, CA 91214

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>3/1/11</u>_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
JUDGE'S COPY: Hon. Alan Ahart, 255 E. Temple St., Suite 1382, Los Angeles, CA 90012 (personal to box)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/1/11 | Adam J. Telanoff | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.